## WILLIAM CLAPPER vs. JOHN FITZPATRICK and others.

The *verification* of a pleading (under section 133 of the code) may be properly omitted when the court can see that the matter contained in the pleading is such as might aid in forming a chain of testimony to convict the party of a criminal offence, if properly receivable in evidence. The criterion by which to determine whether a party may omit to verify his pleading is to inquire, not whether the pleading may be used against him in a criminal prosecution, but whether, if called as a witness to testify to the same matter contained in the pleading, he would be executed from answering.

It is enough to excuse the verification if *any* of the parties would be privileged from testifying to the matter of the pleading, though *other* parties might not be so privileged.

Nor is it necessary that *all* the statements in the pleading should be such as would excuse the party from testifying as a witness. If any part of the pleading is of such a character, it need not be verified.

*Motion at Montgomery Special Term, October*, 1848.—The action in this case was commenced under the code by summons and complaint. The cause of action set forth in the complaint is an assault and battery committed by the Defendants upon the Plaintiff while in the discharge of his duty as a constable. The Defendants served upon the Plaintiff's attorney an answer, but omitted to verify it. The Plaintiff now moves for the relief demanded in the complaint and for an order that his damages be assessed by a jury. The motion is resisted on the ground that the Defendants were not bound to verify their answer.

D. P. COREY, *for Plaintiff*.
S. SAMMONS, *for Defendants*.

HARRIS, Justice.—By the last clause of the 133d section of the code it is provided that no pleading, verified as in that section required, shall be used in a criminal prosecution against the party as proof of a fact admitted or alleged in such pleading. It is supposed by the counsel for the Plaintiff that this clause qualifies the next preceding clause in the section which provides that the verification of a pleading may be omitted when the party would be privileged from testifying as a witness to the same matter ; and it is urged that inasmuch as no pleading can be used against a party in a criminal proceeding, no party should be allowed to omit the usual verification of his pleading on the ground that it would tend to criminate him. The reasoning is certainly plausible, and I am by no means sure that such was not the intention of the commissioners. But will the language they have employed bear such a construction? The verification may be omitted, not when the pleading might be used in a criminal prosecution against the party as proof of a fact admitted or

alleged in the pleading, but when the party, in case he had been called on to testify as a witness, would have been privileged from testifying to the matter embraced in the pleading. The criterion, therefore, by which to determine whether a party may omit to verify his pleading is, to inquire, not whether the pleading may be used against him in a criminal prosecution, but whether, if called as a witness to testify to the same matter contained in the pleading, he would be excused from answering. I understand the rule on this subject to be, that a witness is privileged from answering whenever the court can see that his answer may, in any way, tend to criminate him. To determine whether the verification of a pleading may properly be omitted, the material question is, whether the court can see that the matter contained in the pleading is such as might aid in forming a chain of testimony to convict the party of a criminal offence, if properly receivable in evidence. Testing the answer of the Defendants by this rule, was the verification properly omitted? The answer states, in substance, that the Defendants do not know that the Plaintiff was constable, or that he was engaged in the execution of a warrant for a criminal offence against the Defendants Fitzpatrick and Dalton. The Defendants herein, Connelly and Dalton, also deny any assault or unlawful resistance of the Plaintiff in the discharge of his duty. The Defendant Fitzpatrick says that the Plaintiff made an assault upon him, and that he used no more violence than was necessary to defend himself. The Defendant Fletcher says that whatever he did was done with a view solely of keeping the peace, and preventing the Plaintiff and Fitzpatrick from injuring each other, and that he used no more force or violence than was necessary to separate them. Now, although it may be, that the matter of the answer would not, if received in evidence, tend to the conviction of any of the Defendants of an assault and battery, yet I cannot say that the facts stated in the answer are not such as that they might aid in convicting *some* of the Defendants of an unlawful resistance of a public officer in the discharge of his duty. If so, we have seen that the answer need not be verified. It is enough to excuse the verification if *any* of the parties would be privileged from testifying to the matter of the pleading, though *other* parties might not be so privileged. Nor is it necessary that *all* the statements in the pleading should be such as would excuse the party from testifying as a witness. If any part of the pleading is of such a character, I apprehend it need not be verified. There is nothing in the section of the code referred to which can be construed to require *one* Defendant to verify an answer, while *another* is excused from such verification, or which would authorise the court in requiring

that a *part* of the matters stated in a pleading should be verified, while *another part* is allowed to stand without verification. It is enough to bring a case within the exception provided in the statute, that *any part* of the matter of the pleading is such as would entitle *any party* offering such pleading to excuse himself from testifying to such matter as a witness. If this construction be given to the section of the code requiring pleadings to be verified, it follows that the Defendants are within the exception contained in that section, and were not bound to verify their answer. The Plaintiff's motion must, therefore, be denied, but he is at liberty to reply to the Defendants' answer within twenty days after the entering of the rule upon this motion.