By the Court.—Grover, J.
 

 It is insisted by the counsel for the respondent that it was in the discretion of the court whether to hear and determine the motion of the appellant, or leave him to the remedy of returning the answer served, as void for want of a verification, and of entering judgment for want of an answer; and that, therefore, the order is not appealable ro this court. If correct in the premises, he is in the conclusion
 
 {Code,
 
 § 11, subd. 4). If it was in the discretion of the court whether or not, upon motion, to determine whether the answer must be verified, the order denying the motion to set it aside is not reviewable by this court, although the court did entertain the motion, and did deny it, as appears from the opinion, upon the ground that a verification was unnecessary.
 

 The order is appealable if the appellant had the right to have the question determined upon motion, although the court might have, in its discretion, imposed terms upon granting or denying it. The discretion as to terms to be imposed does not affect the. appealability of the order to this court, where a motion has been improperly granted or denied, absolutely.
 

 That the question whether or not a pleading must be verified, is one of substantial right, is, I think, clear. If the law requires that it should be verified, the party upon which it is served has an absolute right to insist that it shall be, to constitute a pleading in the cause. If it dpes require a verification, the party serving it
 
 *81
 
 has an absolute right to serve it without, and to insist that it shall be treated as a valid pleading. Whether the order is appealable depends upon the inquiry whether a party has an absolute right to have the question, whether the proposed pleading complies with the law and the practice of the court, and has been properly served, determined in the one case by a motion to strike it out, and in the other, where there has been a refusal to receive it, by motion to compel its acceptance as a pleading, in the cause; or whether it is discretionary with the court either to decide the question upon motion, or leave the parties to the remedy of returning the pleading,in the former case, and taking subsequent steps in the cause upon the ground that there was no such pleading, and have the question determined upon the motion of his adversary to set aside such subsequent proceedings, or, in the latter, wait until subsequent proceedings are had, and then move to set the same aside.
 

 I think that the correct and better practice is, that when a question arises whether a pleading has been made and served according to law and the practice of the court, so as to become a part of the pleadings in the case, to give either party the right to a speedy and summary determination of the question upon motion, without requiring either to take any further proceedings in the cause, at the peril of having them set asida in case of a decision adverse to him, or of permitting a final judgment to stand in case the paper tendered was not sufficient or in time. I believe the uniform ' practice of all the courts is in accordance with these views, and that such a motion was never denied upon the ground that it was in the discretion of the court whether it would consider and determine the question presented upon motion, or compel the parties to proceed further in the cause, relying upon the respective views of each upon the controverted question.
 

 
 *82
 
 This appears to have been the view of both the general and special term in the present case, for both heard and determined the motion upon the merits without any intimation as to any discretion in the premises.
 

 The complaint was for money loaned by the plaintiff to the defendant, and was verified. This required the verification of all the subsequent pleadings
 
 (Code of Pro.,
 
 § 156). 'The answer was not verified, and the respondent claims that he had a right to make it without verifying it, under section 1 of ch. 75,
 
 Laws of
 
 1854, p. 153. That provides that the verification of any pleading in any court of record in this State may be omitted in all cases where the party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading. The language of this section shows that it was not the. intention to extend the exemption from the'necessity of verification given by section 157 of the Code, to all cases where the party would be privileged from testifying. That section provides, that verification may be omitted when an admission of the truth of the allegation might subject the party to prosecution for a felony. Prom this it appears that the exemption was applicable to cases only where the pleading to be answered contained allegations, the admission of which would tend to show the party making it guilty of a felony¡ If it had been intended to extent to cases of new matter set up in avoidance of the pleading to be answered, or to counter-claims thereto, other and different language, showing such an intention, would have been adopted. In such a case the language used would have been in substance; the verification may be omitted when the pleading contains allegations which might subject the party to a prosecution for a felony. The intention of section 1, chapter 75, to confine the exemption to cases •of answering allegations contained in the adverse pleading, either by an admission or denial thereof, is equally
 
 *83
 
 clear, where the party called on to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading. That is,—denied by the pleading to be verified. By this it was intended that in all cases where the pleading to be answered contained allegations showing the adverse party guilty of any offense, as to which he would be privileged as a witness from giving accusatory evidence against himself, he might in answer deny such allegations without oath, and thus compel his adversary to prove the same. An answer may contain a general or specific denial of the facts alleged in the complaint, and also new matter in avoidance of such facts by way of defense, and also any counter-claims the party may have. I think it clear that the exemption in the Code, and the act of 1854, were designed to apply to cases only where the accusatory matter was contained in the pleading to be answered, and thus remove the temptation to perjury, if such matter was true, by enabling the party to deny the allegations without oath. But neither the Code nor the act of 1854 gives to a party the right to set up new matter in avoidance founded upon accusations against himself, as to which he would be privileged from testifying as a witness, without a verification of the same. The accusation here is the voluntary act of the party himself, and there is no reason for permitting him to derive a benefit from accusing himself of a crime, unless he is willing to overcome the presumption in favor of his innocence by his oath to the contrary, unless a verification of such allegations is necessary. A defendant may always avoid verifying his answer by inserting therein new matter falsely showing th e claim of the plaintiff to be founded upon pr connected with some offense of the defendant, as to which he would be privileged from testifying as a witness.
 

 The opinion of the learned judge at special term shows that he adopted this construction of the Statute,
 
 *84
 
 but he held that the answer was in substance a denial of the complaint. There is nothing in the complaint tending to show that any offense had been committed by any one. An admission of everything contained therein would show nothing
 
 done
 
 or.omitted by the defendant, except failing to pay money borrowed, according to his promise. The answer is a little obscure, but the substance of it is, so far as this point is concerned, that the money was borrowed for the purpose of paying certain drafts drawn by the plaintiff upon the defendant and accepted by him, the consideration of which was the price of certain tickets in a lottery authorized by the government of Cuba, which were sold by the plaintiff to the defendant in the city of Hew York, to be re-sold by the defendant to others within the State, and which were so re-sold by the defendant to others within the State. This is not a denial of any fact contained in the complaint, but an attempt to avoid such facts by an allegation of new matter, showing that the loan was so connected with an offense against the law of the State committed by the parties, that the law would not sustain an action for the recovery thereof.
 

 This does not bring the case within the act of 1854: The defendant could not have been injured by verifying his answer if the facts therein alleged were true.
 

 The Code, section 157, provides, that
 
 no
 
 pleading can be used in a criminal prosecution against the party as proof of the facts therein alleged.
 

 The order appealed from must be reversed, with costs of this court, and an order entered striking out the answer, with leave to the defendant to serve an answer duly verified, on payment of such costs within ten days after service of an adjusted bill of the same.
 

 All the judges concurred.
 

 Order reversed; and motion granted with costs, with leave to defendant to serve answer within ten days.