## THOMPSON v. McLAUGHLIN et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. PLEADING (§ 294*)—VERIFICATION—UNVERIFIED ANSWER—PROPRIETY.

Pen. Code, § 611, subd. 3 (Penal Law [Consol. Laws, c. 40] § 665), makes it a misdemeanor for any corporate director or officer to knowingly concur in making or publishing a written report of the corporation's affairs containing a material false statement. Code Civ. Proc. § 523, provides that, where a pleading is verified, all subsequent pleading, except a demurrer, etc., must be verified, except where the pleader would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading. Section 837 provides that a witness

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cannot be required to give an answer which will tend to accuse himself of a misdemeanor; and by section 3343, subd. 11, a verified pleading is an affidavit. The verified complaint in an action against corporate di-rectors alleged that plaintiff was induced to purchase worthless corporate stock because of a false statement published by defendants as to the financial condition of the corporation. *Held*, that since the complaint alleged a misdemeanor, and since a verified pleading was an affidavit, and hence testimony, defendants could serve an unverified answer; the privilege of not testifying to action constituting a crime extending to a denial, as well as to a confession, of guilt.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 885, 886; Dec. Dig. § 294.*]

2. COSTS (§ 276*)—PAYMENT—STAY OF SUBSEQUENT PROCEEDINGS.

Under Code Civ. Proc. § 779, providing that where costs of a motion, directed by an order to be paid, are not paid within the prescribed time, all proceedings by the party required to pay them, except to review or vacate the order, are stayed without further direction until payment thereof, only applies to proceedings by the defaulting party which carry the case onward in furtherance of his interest, so as to give him affirmative relief, and not to an act of self-defense by him, so that defendant could serve his answer, though he failed to pay the costs of a motion to strike out part of the complaint and of the appeal from the denial of the motion.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 276.*]

Appeal from Special Term, Ontario County.

Action by George T. Thompson against James R. McLaughlin and others. From an order denying a motion to compel the acceptance of service of answers, defendants appeal. Reversed, and motion allowed.

See, also, 120 N. Y. Supp. 1148; 132 App. Div. 948, 117 N. Y. Supp. 1148.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

John Colmey, for appellant Martin.
Wynkoop & Rice, for appellant John L. McLaughlin.
Scott & Fitch, for appellant James R. McLaughlin.
Christian & Thompson, for appellant Parkhurst.
Charles D. Newton, for respondent.

HOUGHTON, J. The plaintiff brings this action against the defendants, who were directors and officers of the Lisk Manufacturing Company, Limited, to recover damages because he was induced by them to purchase at a high price the worthless stock of that corporation. A verified complaint was served, setting forth that the defendants, as directors and officers of such corporation, for the purpose of inducing the plaintiff and others to buy its stock, prepared, signed, circulated, and published a false report of its financial condition, and that, believing such report to be true, the plaintiff purchased certain shares of stock, which were of no value, but which would have been worth the amount paid, had such report been true.

Section 31 of the stock corporation law (Laws 1890, c. 564) provides that if any certificate or report or public notice given by the officers or directors of a stock corporation shall be false in any material

representation, those officers and directors signing the same shall jointly and severally be liable for the damages sustained by any person who shall become a stockholder upon the faith of such report, certificate, or notice. The defendants, deeming the action brought under this section, moved to strike out certain other allegations appearing in the complaint as irrelevant. The learned Special Term held such allegations pertinent to a general action for fraud and deceit, independent of any cause of action under the stock corporation law, and denied the motion, with $10 costs. An appeal was taken from such order, and it was affirmed, with $10 costs and disbursements. Thereupon, after the 10 days within which the motion costs and the costs of the appeal were payable had expired, and without paying such costs, but within the time to which service of answer had been extended, the defendants served unverified answers, denying generally the allegations of the complaint. The plaintiff's attorney returned the answers, with a written statement that he refused to accept service because they were unverified, and also because the motion costs and the costs of the appeal from the order had not been paid. After the return of the answers the costs were tendered and refused. Thereupon the defendants moved to compel plaintiff's attorney to accept service of the answers as made. The moving affidavits stated that the nonpayment of costs was an oversight; but the notice of motion did not specifically ask relief because of the mistake. The motion was denied, and the defendants appeal.

Section 523 of the Code of Civil Procedure provides that, where a pleading is verified, each subsequent pleading, except a demurrer or general answer of a guardian, must be verified, except "where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading." An allegation charging fraud which does not amount to a crime does not come within such exception, and section 529 of the Code expressly declares that where such allegation is made the answer thereto must be verified. Section 611, subd. 3, of the Penal Code, now section 665 of the Penal Law (Consol. Laws, c. 40), makes it a misdemeanor for any director or officer of any corporation to knowingly concur in making or publishing a written report, exhibit, or statement of its affairs or pecuniary condition, containing a material statement which is false. The complaint plainly charges the defendants with having made and published a material false statement of the pecuniary condition of the Lisk Manufacturing Company, Limited. It therefore charges them with the commission of a crime, namely, the misdemeanor of misconducting themselves as directors and officers of a corporation. In conformity with article 1, § 6, of the Constitution, the Legislature has provided that a witness cannot be required to give an answer which will tend to accuse himself of a crime or misdemeanor. Code Civ. Proc. § 837. A verified pleading is an affidavit (Code Civ. Proc. § 3343, subd. 11), and therefore testimony. The privilege of not testifying respecting acts which constitute a crime extends to a denial as well as confession of guilt, and therefore where the pleading alleges facts which constitute a crime a party so charged may answer without verification. Matter of Peck v. Cargill, 167 N. Y. 391, 60

N. E. 775, 53 L. R. A. 888. It does not change the situation that the plaintiff claims his action is for fraud and deceit. He has chosen to allege facts which constitute a crime, and thereby opened the door permitting the defendants to stand upon their privilege. The defendants, therefore, had the right to serve an unverified answer.

The remaining question is whether the nonpayment of the motion costs and costs of the appeal prevented them from so doing. We think it did not. Section 779 of the Code provides that, where costs of a motion or any other sum of money directed by an order to be paid are not paid within the prescribed time, "all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed without further direction of the court until the payment thereof." In construing the extent of the stay prescribed by this section, the courts have limited it to some onward movement in the action, furthering the interests of the party in default through giving him some affirmative relief therein, and have held that it does not apply to an act of self-defense on his part. Tracy v. Lichtenstadter, 113 App. Div. 754, 99 N. Y. Supp. 331; Mattice v. Shelland, 76 App. Div. 236, 78 N. Y. Supp. 537. The service of an answer was an act of self-defense. If not served, plaintiff would have the right to take judgment by default. Courts are careful to preserve the rights of the party to defend himself, and, although a defendant in a divorce action be guilty of contempt of court in failing to pay the amount of alimony ordered, his answer cannot be stricken out, and he thus be deprived of his defense, as a punishment for his disobedience. Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743.

Our conclusion is that, notwithstanding the nonpayment of the motion costs, the defendants had the right to serve their answers. The answers being properly unverified, it follows that the motion to compel acceptance of service should have been granted, instead of denied.

Order reversed, with $10 costs and disbursements, and motion to compel acceptance of service of answers granted. All concur.