TRAVELERS INSURANCE COMPANY, Plaintiff, *v.* WILFRED C. MULLIGAN, Defendant.

Supreme Court, New York County, December 2, 1929.

*Prentice, Collins & Dwight,* for the plaintiff.

*Fox, Wintner & Schur* [*Hugo Wintner* and *Robert P. Schur* of counsel], for the defendant.

WASSERVOGEL, J. Defendant moves to compel plaintiff to accept an unverified answer, although the complaint was verified. The complaint charges fraud. Plaintiff claims that under the circumstances disclosed in the complaint defendant is not excused from verifying his answer. (Civ. Prac. Act, § 250.) Defendant, however, insists that he should not be required to verify his answer because of section 248 of the Civil Practice Act, which provides: " The verification may be omitted, in a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading." The complaint contains the following allegation: " That the defendant concealed his books, accounts and records so far as they related to remuneration earned by such employees during such period and *exhibited to plaintiff certain books, accounts* and records and falsely and fraudulently represented to plaintiff that the number of his employees and the amount of remuneration earned by such employees " (paragraph 5) was less than the actual fact. From these allegations the inference may be drawn that the records *which were produced* were fraudulent and that material entries as to the number of employees and their remuneration were omitted therefrom. In effect, forgery is charged. (Penal Law, § 889.) Defendant should not be required to verify his answer.

Motion to compel plaintiff to accept his unverified answer granted.