THE TRAVELERS INSURANCE COMPANY, Appellant, v. WILFRED C. MULLIGAN, Respondent.

First Department, January 9, 1931.

*Ezra P. Prentice* of counsel [*Prentice, Collins & Dwight*, attorneys], for the appellant.

*Robert P. Schur* of counsel [*Fox, Wintner & Schur*, attorneys], for the respondent.

MERRELL, J. Plaintiff brings this action to recover of defendant the amount of certain premiums alleged to be due and unpaid upon several workmen's compensation and employer's liability policies issued by plaintiff to defendant. Under the terms of these policies defendant was obligated to pay a deposit premium on each policy at the time of its delivery and was also obligated to pay at the end of each policy period a further premium based on the " payroll " or remuneration paid by defendant to his employees during said period. Plaintiff asked to recover in all the sum of $47,000, which it alleges to be the amount justly due it for premiums unpaid upon the policies issued to defendant. Plaintiff served a verified complaint, and when defendant served an unverified answer thereto, the same was returned with the statement that by reason of its lack of verification plaintiff would not accept the answer and would treat the same as a nullity. The sole question to be determined upon this appeal is as to whether the defendant may, of right, serve an unverified answer to the verified complaint, which plaintiff is bound to receive as the answer in the case. We think the order appealed from should be affirmed for the following reasons: Under the allegations of the complaint the defendant may be charged with the commission of a crime. In a case where a defendant would be excused from testifying he may also be excused from verifying an answer. As to whether the defendant would be excused from testifying, the defendant himself has the right to judge whether the answer would be incriminating, and in order to compel him to serve a verified answer it must appear beyond any doubt that the answer would not incriminate him before the court. We think the true test is that if the answer might tend to incriminate the defendant, the defendant may, of right, refuse to verify the same. To excuse a defendant from verifying an answer it is not essential that the complaint charge him with the commission of a crime. It is enough if the complaint and a denial or admission of its allegations, verified by defendant, may lead to or form a link in his prosecution for a crime. The allegations of the complaint here, fairly construed, are such as to show that the defendant may be charged with the commission of a crime.

Plaintiff alleges that defendant failed and refused to permit plaintiff to examine and audit his books so far as they related to the remuneration of employees and to exhibit to plaintiff the actual remuneration earned. Such allegation of the complaint is to be found in the 5th paragraph thereof, and reads as follows: " That defendant failed and refused to permit plaintiff to examine and audit the books of the assured so far as they related to the remuneration earned by employees of the assured while said policies were in force and to exhibit to plaintiff the actual amount of the remuneration earned by such employees during such periods."

It is alleged in the complaint as follows: " By said policies, defendant agreed to pay premiums based upon the entire remuneration earned during the policy periods therein stated, by all of his employees engaged in or in connection with his operations, in accordance with the statements of locations and operations, and at the rates stated in the declarations and schedules forming part of said policies, and to pay such premiums in the manner hereinafter stated."

It is alleged that copies of the items of said declarations and schedules describing locations and operations engaged in by defendant and covered by the policies and renewals thereof, and the rates of premiums which the defendant agreed to pay, are annexed to the complaint. It is further alleged that within one year after the final expiration of the policies so far as they related to the remuneration earned by any employees of the defendant while the policies were in force, defendant agreed at the end of each policy period to exhibit to plaintiff the actual amount of remuneration earned by the employees during such period. It is entirely clear that plaintiff's only knowledge of defendant's payroll and the number of his employees and remuneration paid them must have come from defendant, and premiums which were paid were based entirely on the payroll furnished by defendant. There can be no recovery in this action by plaintiff, except upon proof that defendant fraudulently withheld the true facts from plaintiff. Manifestly, if the defendant withheld from the plaintiff the number of his employees and their remuneration, and withheld the correct payroll, which was the basis of the premiums due plaintiff from defendant on the policies, the defendant was guilty of fraud.

This is the second action brought by plaintiff to recover the allegedly withheld premiums. In the first action plaintiff specifically charged defendant with attempting to defraud it by exhibiting fraudulent records in which the " payroll " was given at far less than its actual amount, thereby decreasing the amount of premiums due plaintiff, and it was claimed that the premiums

actually collected were based on the fraudulent "payroll." An unverified answer was served to the complaint. Plaintiff refused to receive the answer, and the defendant moved at Special Term for an order compelling plaintiff to receive the unverified answer, and the court, at Special Term, granted defendant's motion and required plaintiff to accept such unverified answer, with the following opinion: "Defendant moves to compel plaintiff to accept an unverified answer, although the complaint was verified. The complaint charges fraud. Plaintiff claims that under the circumstances disclosed in the complaint defendant is not excused from verifying his answer (Civ. Prac. Act, § 250). Defendant, however, insists that he should not be required to verify his answer because of section 248 of the Civil Practice Act, which provides: ' The verification may be omitted, in a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading.' The complaint contains the following allegation: ' That the defendant concealed his books, accounts and records so far as they related to remuneration earned by such employees during such period and exhibited to plaintiff certain books, accounts and records and falsely and fraudulently represented to plaintiff that the number of his employees and the amount of remuneration earned by such employees" (paragraph 5) was less than the actual fact. From these allegations the inference may be drawn that the records which were produced were fraudulent and that material entries as to the number of employees and their remuneration were omitted therefrom. In effect forgery is charged (Penal Law, § 889). Defendant should not be required to verify his answer. Motion to compel plaintiff to accept his unverified answer granted." (135 Misc. 714.)

No appeal was taken by plaintiff, but the former action was then discontinued and the present action brought. The complaint in the prior action embraced all of the items of allegedly withheld premiums contained in the complaint in the present action. The allegations of the present complaint are, in substance, the same as those in the former complaint, and really amount to a charge of fraud and fraudulent withholding by defendant of his payroll and other evidence showing the amount thereof and the number and remuneration of his employees. In the complaint now before us, in a thinly-veiled attempt to evade the former decision requiring it to accept an unverified answer, plaintiff omits the direct charge of fraud against defendant and avows that it is now suing for breach of contract. In whatever guise plaintiff's claim is dressed, the fact remains that

any recovery must result from the fraudulent withholding by defendant of his "payroll." The very allegation of the complaint that defendant failed and refused to permit plaintiff to examine and audit his books, so far as they related to the remuneration earned by employees, and to exhibit to plaintiff the actual amount of remuneration earned, if true, would certainly form a decisive link in a charge that defendant fraudulently withheld from plaintiff the actual facts concerning the number of his employees and their remuneration, and that defendant, in exhibiting to plaintiff a statement not containing the actual amount of remuneration earned by his employees, as required by the policies, was guilty of a crime under second subdivision 4 of section 889 of the Penal Law (as added by Laws of 1912, chap. 342), which provides as follows: "4. The altering, erasing, obliterating, or destruction of any account, book of account, record, or writing, or the making of a false entry in an account, statement of financial condition, or book of accounts, *or the willful omission of material entries in such account, statement or books of account,* by any person whether by his own hand or the hand of another, if made with intent to defraud creditors or to conceal a crime, or to conceal from creditors or stockholders or other persons interested matters materially affecting the financial condition of any individual, corporation, association, or partnership; or to provide a basis for the obtaining of credit or property by or for such individual, corporation, association, or partnership, shall render such person guilty of forgery in the third degree, within the meaning of this section; but this provision shall not apply to any clerk, bookkeeper, or other employee, who, without personal profit or gain, merely executes the orders of his employer." (Italics are the writer's.)

It thus appears that the making of a false entry in an account or the willful omission of material entries in such account, statement or books of account by any person renders such person guilty of forgery in the third degree. The mere intentional omission of material entries constitutes the crime of forgery. It is also entirely possible that the defendant may be charged with other crimes by reason of the withholding of the true facts from plaintiff.

The opinion of Mr. Justice FINCH, handed down herewith. cites the case of *Clapper* v. *Fitzpatrick* (3 How. Pr. 314) as stating the correct rule, and quotes from the opinion in that case as follows: "To determine whether the verification of a pleading may properly be omitted, the material question is, whether the court can see that the matter contained in the pleading is such as might aid in forming a chain of testimony to convict the party of a criminal offense, if properly receivable in evidence."

We quite agree with such statement of the law, and apply the

same to the facts here, where the court must surely see that the facts alleged in plaintiff's complaint are such " *as might aid in forming a chain of testimony to convict* " the defendant of a criminal offense.

The attempt is made to differentiate between the verification of an answer and a claim of personal privilege by a witness in declining to answer questions. Section 248 of the Civil Practice Act provides that " verification may be omitted * * * where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading." In 49 Corpus Juris (p. 593) the rule is stated as follows: " * * * if any part of the pleading is such as to excuse any one of the parties from testifying, even if such matter would merely aid in forming a chain of testimony tending to convict the party, no verification need be made." And in *People ex rel. Taylor* v. *Forbes* (143 N. Y. 219) the opinion of the Court of Appeals (at p. 228) states: " The principle established by these decisions is that no one shall be compelled in any judicial or other proceeding against himself, or upon the trial of issues between others, to disclose facts or circumstances that can be used against him as admissions tending to prove his guilt or connection with any criminal offense of which he may then or afterwards be charged, or the sources from which or the means by which evidence of its commission or of his connection with it may be obtained."

In *Clapper* v. *Fitzpatrick* (3 How. Pr. 314) it is said: " The criterion, therefore, by which to determine whether a party may omit to verify his pleading is, to inquire, not whether the pleading may be used against him in a criminal prosecution, but *whether, if called as a witness to testify to the same matter contained in the pleading, he would be excused from answering.*" (Italics are the writer's.)

In the case of *Meyer* v. *Mayo* (173 App. Div. 199) the court said (at p. 201): " The defendant in his verified answer has denied the facts which his counsel claims would tend to incriminate him. If he desired to put the plaintiff to her proof, and still save his privilege, he could have done so by serving an unverified answer. (Code Civ. Proc. § 523.) "

In *Thompson* v. *McLaughlin* (138 App. Div. 711) it was said: " The privilege of not testifying respecting acts which constitute a crime extends to a denial as well as confession of guilt, and, therefore, where the pleading alleges facts which constitute a crime a party so charged may answer without verification. (*Matter of Peck* v. *Cargill*, 167 N. Y. 391.) It does not change the situation that the plaintiff claims his action is for fraud and deceit. He has

chosen to allege facts which constitute a crime and thereby opened the door permitting the defendants to stand upon their privilege. The defendants, therefore, had the right to serve an unverified answer."

It is for the defendant himself to determine whether his answer may tend to incriminate him, and to compel him to testify. Compulsory verification must be based only on the clearest evidence that the answer could, in no event, tend to incriminate him. The Court of Appeals laid down the rule in *People ex rel. Taylor* v. *Forbes* (143 N. Y. 219, 230) as follows: " *The witness who knows what the court does not know, and what he cannot disclose without accusing himself, must in such cases judge for himself as to the effect of his answer, and if, to his mind, it may constitute a link in the chain of testimony sufficient to convict him,* when other facts are shown, or to put him in jeopardy, or subject him to the hazard of a criminal charge, indictment or trial, *he may remain silent.* * * *

" Where it is not so perfectly evident and manifest that the answer called for cannot incriminate, as to preclude all reasonable doubt or fair argument, the privilege must be recognized and protected." (Italics are the writer's.)

In *People ex rel. Lewisohn* v. *O'Brien* (176 N. Y. 253) the Court of Appeals said (at p. 264): " The language of Chief Justice MARSHALL in the Circuit Court of the United States for the District of Virginia (June, 1807) in *Burr's Trial* (1 Burr's Trial, 244), on the question whether the witness was privileged not to accuse himself, is as follows: ' If the question be of such a description that an answer to it may or may not criminate the witness according to the purport of that answer, it must rest with himself, who alone can tell what it would be, to answer the question or not.' "

To relieve a defendant from verifying an answer it is unnecessary for him to show that the answer would actually incriminate him. If it might tend to incriminate him, he is excused from testifying, or verifying an answer. As was stated in 49 Corpus Juris, under the title " Pleading " (at p. 593): " Under such statutes a party need not prove that a sworn pleading would subject him to punishment in order that he may be relieved from the necessity of verification; it is enough if it would have that tendency."

We are, therefore, of the opinion that the court at Special Term was justified in granting the order appealed from, and that the same should be affirmed, with ten dollars costs and disbursements.

McAVOY and SHERMAN, JJ., concur; DOWLING, P. J., and FINCH, J., dissent.

FINCH, J. (dissenting). Plaintiff appeals from an order directing acceptance of service of an unverified answer. The order should

be reversed and the motion to compel acceptance denied as the complaint does not impute a criminal charge.

The action is to recover premiums on workmen's compensation and employers' liability insurance policies, based upon the amount of the payrolls of the defendant. The complaint alleges that defendant agreed to permit plaintiff to examine and audit the books of defendant and to exhibit to plaintiff the amount of the payrolls but that defendant refused so to do, and refused to pay the premiums as agreed. It thus appears that the defendant is charged with a breach of contract only, in failing to perform, and not with any fraud in performance. Mere non-performance of the acts called for by the contract cannot be the basis of a criminal charge. In this respect does the case at bar differ from the cases relied upon by the respondent. Here the complaint obviously alleges no facts tending to charge the defendant with the commission of a crime. Upon the other hand, the authorities cited by the respondent apply only where it can be seen, or is made to appear, that the matter might be of aid in convicting the defendant of a crime. The rule is stated in *Clapper* v. *Fitzpatrick* (3 How. Pr. 314) as follows: " To determine whether the verification of a pleading may properly be omitted, the material question is, whether the court can see that the matter contained in the pleading is such as might aid in forming a chain of testimony to convict the party of a criminal offense, if properly receivable in evidence."

Another class of cases upon which the respondent relies is where the personal privilege of declining to answer questions is claimed by the witness. In such cases the witness may judge for himself as to the effect of his answer and determine whether it might imperil his liberty (*People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219). The reason for this rule is that only the witness knows what the answer will be, and hence is in the best position to judge whether or not it may incriminate him. As was said in *People ex rel. Lewisohn* v. *O'Brien* (176 N. Y. 253, 264): " The language of Chief Justice MARSHALL in the Circuit Court of the United States for the District of Virginia (June, 1807), in *Burr's Trial* (1 Burr's Trial, 244), on the question whether the witness was privileged not to accuse himself, is as follows: ' If the question be of such a description that an answer to it may or may not criminate the witness according to the purport of that answer, it must rest with himself, who alone can tell what it would be, to answer the question or not.' "

This rule of absolute privilege obviously has no application to a pleading which upon its face has no tendency to incriminate. In such case, in order to be entitled to the privilege of serving an unverified pleading in answer to a verified complaint, the court

must be enabled to see that the answer of the defendant might tend to incriminate him. As was said in *Dehn* v. *Mandeville* (68 Hun, 335) : " The complaint not containing allegations showing that the acts complained of constituted a crime, it was incumbent upon the defendant to make it appear in some way that there were allegations in the complaint in respect to the truth of which he could not be interrogated if under examination as a witness.

" It is true that it is sufficient if they might have had that tendency, but to be entitled to the order asked for, that must have been made apparent to the court, either by a perusal of the complaint or in some other manner. Facts stated in an ordinary complaint upon a promissory note, might form a link in a chain of evidence tending to convict a party of a crime, but it would not be claimed that he could, for that reason, avail himself of the provisions of the Code mentioned, without making the facts appear in some manner."

If there existed a principle that a defendant, when sued, might refuse arbitrarily by a mere claim of privilege not under oath to serve a verified answer, the latter requirement would become an exception instead of the usual requirement.

Respondent points to that portion of section 248 of the Civil Practice Act which re-enacts section 523 of the Code of Civil Procedure and provides that a verification may be omitted " where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading." This section has never been construed as conferring a right upon a defendant to refrain from verifying an answer upon a bare claim of privilege. In *Thompson* v. *McLaughlin* (138 App. Div. 711) it was pointed out that an allegation in a complaint charging fraud not amounting to a crime, did not come within the exception requiring verification, and that an answer to such a complaint must be verified.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to compel acceptance of an unverified answer denied, with ten dollars costs.

DOWLING, P. J., concurs.

Order affirmed, with ten dollars costs and disbursements.