HERMAN OPPENHEIM, Plaintiff, *v.* OCTAVE A. GUNTHER, Defendant.

Supreme Court, Special Term, New York County, November 26, 1948.

*Julius L. Goldstein* for plaintiff.

*Alfred H. Adler* for defendant.

EDER, J. This is an action to recover damages for libel. The complaint alleges a publication by the defendant of a certain article and alleges that it was " published of and concerning the plaintiff ". The answer admits the publication of the article, but denies it was published of and concerning the plaintiff. Thereafter the plaintiff, pursuant to section 322 of the Civil Practice Act, served upon the defendant a notice requiring him to admit, for the purposes of this suit, that the plaintiff in this action is the person referred to in the article upon which this action is based.

The defendant served an unverified response, stating: " The defendant refuses to admit the plaintiff herein is the Herman Oppenheim referred to in the article upon which this action is based on the grounds of constitutional privilege and that the notice does not conform with Section 322 of the Civil Practice Act so as to require an answer."

This response was rejected by the plaintiff, '' on the ground that it does not constitute a responsive sworn statement or answer to the demand as more fully provided by section 322 of the New York Civil Practice Act.''

Plaintiff now moves for an order striking out the answer and granting judgment on the pleadings in his favor and directing an assessment before a jury of his damages.

The premise upon which the plaintiff proceeds is that by virtue of the provisions of section 322, the defendant is deemed by law to have admitted that the article alleged to be libelous was written of and concerning the plaintiff, and that there is no defense to the action, as the defendant has not interposed any defense, either partial or entire, the answer contains no defense of justification, and hence, the charge stands as unjustified and false.

The defendant contends, in opposition, that the refusal to answer on constitutional grounds was justified under the constitutional guaranty against self-incrimination.

The complaint sets forth the alleged libelous statement which pointedly charges the plaintiff with being a communist and a member of a Communist party and organization. To accuse one by publication of being a communist has been held to be libelous (*Mencher* v. *Chesley,* 297 N. Y. 94, 101).

A person who publishes a libel is guilty of a crime (Penal Law, § 1341).

Section 322 provides that at any time after the pleadings are closed and not later than ten days before the trial, a party may serve upon any other party a written request for admission of the truth of any relevant matter of fact set forth in the request as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which fact is within the knowledge of the other party or can be ascertained by him upon reasonable inquiry.

Said section also provides that each of the matters upon which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than eight days after service thereof, or within such further time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters.

The statute then provides that if the matters of which an admission is requested cannot be fairly admitted without some

material qualification or explanation, or such party would be privileged or disqualified from testifying as a witness concerning them, such party may, in lieu of a denial or statement, as aforesaid, serve a sworn statement setting forth in detail his claim to that effect.

The statute (§ 322, subd. 2) also provides that any admission made, or deemed to be made as aforesaid, by a party pursuant to such request, is for the purpose of the pending action only and does not constitute an admission by him for any other purpose and may not be used against him in any other proceeding.

The defendant did not serve upon the plaintiff a sworn statement either denying specifically the matters of which an admission was requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters, nor did he serve a sworn statement setting forth in detail a claim of privilege; he served an unverified statement in which he stated he refused to admit plaintiff is the person referred to in said publication upon the ground, in general terms, '' on the grounds of constitutional privilege ''.

This response so served, in that form, was not a compliance with section 322, but as it appears from the complaint itself that defendant is charged with doing an unlawful act, which in law constitutes a crime, it was unnecessary for the defendant to serve with his response a sworn statement setting forth in detail the specific provisions of the Constitution upon which he relied, or the precise grounds upon which he predicated his position (*Sunley* v. *Badler*, 33 N. Y. S. 2d 642).

The element of concern is whether, despite the provision in subdivision 2 of section 322 that any admission made or deemed to be made shall not constitute an admission by such party for any other purpose nor used against him in any other proceeding, requires him to make response to the request. I am of .opinion that he is not required to do so.

In cases where a complaint is verified, an unverified answer may nonetheless be served, if to be compelled to serve a sworn answer might tend to implicate defendant in a crime. '' It is enough if the complaint and a denial or admission of its allegations, verified by defendant, may lead to or form a link in his prosecution for a crime.'' (*Travelers Ins. Co.* v. *Mulligan*, 231 App. Div. 222, 223.)

I discern no difference in legal principle between such cases and the instant one. The result is the same.

In *Thompson* v. *McLaughlin* (138 App. Div. 711) it was held that the privilege of not testifying respecting acts which constitute a crime extends to a denial, as well as confession of guilt and therefore where the pleading alleges facts which constitute a crime, a party so charged may answer without verification.

In *Matter of Peck* v. *Cargill* (167 N. Y. 391, 395) the court said: "No law can be valid which directly or indirectly compels a party to accuse or incriminate himself or to testify by affidavit or otherwise with respect to his guilt or innocence * * *. The constitutional immunity from every species of incrimination may be as effectually violated by a law which compels a person to plead or deny upon oath any charge involving a criminal offense without regard to the form of the investigation as by a law compelling him to testify as a witness." (See, also, *Matter of Cullinan* [*Kray*], 82 App. Div. 445.)

Section 322, as I view it, clearly provides for a presumption of admission from the omission of the defendant to specifically deny, and he is thus compelled to admit, either by his oath or by silence, the commission of a criminal offense. As said in the *Peck* case (*supra,* p. 394–395) — "He has no other alternative, unless he is tempted to tamper with his conscience and deny the truth on oath." The court there further said (p. 395): "In every case when he elects to remain silent with respect to any charge involving unlawful acts which are criminal or subject him to a penalty or forfeiture, that is a constitutional privilege which the legislature may not invade."

The refusal of the defendant to admit that the libelous publication charged to the defendant referred to the plaintiff herein, asserted upon constitutional grounds, may not, validly, be held to constitute a presumptive admission against him; he has that constitutional privilege and that privilege exists, in my opinion, irrespective of the provisions of the Civil Practice Act.

The motion to strike out the answer and granting judgment on the pleadings and for an assessment of damages is, accordingly, denied. Settle order.