JOHN MANNERS & Co. (NEW YORK) INC., Plaintiff, *v.* ARTHUR SOHNEN et al., Defendants.

Supreme Court, Special Term, New York County, September 30, 1954.

*Arthur Block* for Arthur Sohnen, defendant.

*Harold O. N. Frankel* for David Adler, defendant.

*Seymour Stone* for plaintiff.

MATTHEW M. LEVY, J. The plaintiff has served a verified complaint setting up two causes of action. The first is against the defendant Sohnen for goods sold and delivered to that defendant. The second is against both defendants. There it is alleged that the defendant Adler was the plaintiff's vice president and general manager, and that he conspired with the codefendant to defraud the plaintiff as to the goods referred to in the first cause of action, and in setting up the second claim sued upon the defendants are in effect charged with acts of larceny, forgery and other crimes. Each defendant has served a separate unverified answer, which was treated as a nullity by the plaintiff (Civ. Prac. Act, § 253). Now before the court are motions to compel the plaintiff to accept the respective unverified answers to the verified complaint, or for leave to serve answers in such form as may be proper.

Each moving defendant urges that, since the complaint charges him with the commission of a crime or crimes (the manipulations charged to him are in fact being investigated by the District Attorney), he may claim the privilege against self incrimination and may serve an unverified answer in conformity with the provisions of section 248 of the Civil Practice Act, which exempts a party from verifying his answer where he is privileged from testifying as a witness concerning an allegation or denial contained in a pleading. The plaintiff asserts on the other hand that the second cause of action is in reality one for fraud, that the defendant has not shown that the answer would actually incriminate him, and that, under the express provisions of section 250 of the Civil Practice Act, a defendant is not excused from verifying his answer where the complaint merely charges the defendant with fraud affecting the right and property of the plaintiff.

The burden is not upon the defendant to show or shoulder the risk or danger of actual or imminent incrimination. And it seems to me that the question of whether or not a defendant

may omit a verification does not depend on the form of the pleading but on the facts alleged. If those facts as set forth in the complaint support an action for fraud but also set out matters which spell out a crime, the mere labeling of the action as one in fraud does not deprive the defendant of the privilege against self incrimination. Having chosen to allege matters which on their face are such that they may constitute a crime or aid in the formulation of a chain of testimony tending to convict the defendant of a crime, the plaintiff has opened the door to the defendant's claim of privilege (*Thompson* v. *McLaughlin,* 138 App. Div. 711).

In the case of the defendant Adler, therefore, I conceive the law to be clear and definite (see, also, *Brewster* v. *New York Evening Journal,* 267 N. Y. 612; *King* v. *Terwilliger,* 259 App. Div. 437; *Meyer* v. *Mayo,* 173 App. Div. 199; *Oppenheim* v. *Gunther,* 193 Misc. 914, and *Sunley* v. *Badler,* 33 N. Y. S. 2d 642). But the plaintiff urges an additional factor to be considered on the application of the defendant Sohnen — that, since the complaint as against this defendant pleads two causes of action, the first of which, on contract, alleges no facts charging that defendant with the commission of a crime, he should be compelled to verify his answer with respect to that claim, irrespective of whether he has the right to serve an unverified answer to the second cause of action. Both counsel have considered this proposition, but have stated that they are unable to cite any cases in point.

The law does in at least one instance expressly permit the verification of a portion of a pleading (Civ. Prac. Act, § 249). Why then is it not appropriate to require the defendant Sohnen to swear to his answer with respect to the first cause of action, even though he may be excused from verification as to the second? I pose the question, but I need not and do not express any opinion as to that point. For, in the second cause of action of the complaint in the case at bar, the plaintiff " repeats, reiterates and realleges each and every allegation " of the first cause, and the crimes charged in the second claim are closely connected and integrated with the very allegations of the first. In other words, plaintiff's claim as to the criminal acts of the defendant Sohnen alleged in the second cause of action does not in any sense refer to merchandise completely different from the goods claimed in the first cause of action to have been sold and delivered to him. In substance, the transactions are one and the same.

" As to whether the defendant would be excused from testifying, the defendant himself has the right to judge whether the answer would be incriminating, and in order to compel him to serve a verified answer it must appear beyond any doubt that the answer would not incriminate him before the court. We think the true test is that if the answer might tend to incriminate the defendant, the defendant may, of right, refuse to verify the same. To excuse a defendant from verifying an answer it is not essential that the complaint charge him with the commission of a crime. It is enough if the complaint and a denial or admission of its allegations, verified by defendant, may lead to or from a link in his prosecution for a crime." (*Travelers Ins. Co.* v. *Mulligan,* 231 App. Div. 222, 223.) Under the circumstances, I hold that the defendant Sohnen cannot be required to verify a portion of his answer to be addressed specifically to the first cause of action, even though on its face it contains no charges of an incriminatory nature (cf. *Clapper* v. *Fitzpatrick,* 3 How. Prac. 314; *Martin* v. *Bernheim,* 34 N. Y. S. 784).

The defendants need not serve verified answers, and their respective motions to compel the plaintiff to accept the unverified answers are granted. Orders signed.