Aron Steuer, J.
The motion is to vacate a notice of examination in a libel case. The notice is in the general form as to all matters in issue. There are few points of practice on which there is a greater wealth of authority than this is not permissible in an action in defamation. Plaintiff does not currently contest this. He asks to have decision held in abeyance while a cross motion is decided. The motion is stated to be on the pleadings. Plaintiff seeks a clarification of what the pleadings are. It appears that the answer and amended answer are unverified. Plaintiff accepted the answer but returned the amended answer for lack of verification. Although some time has elapsed defendant has made no move in regard to the return. Plaintiff now *346 asks an adjudication that the amended answer is no part of the pleadings.
The first question is whether the failure of the defendant to take any action in regard to the return of the amended answer renders it a nullity. The Civil Practice Act provides as the remedy of a party on whom an improperly verified pleading (which would include one required to be verified but which is not) that he may treat it as a nullity provided he gives timely notice to the other side that he is so doing. Eeturn of the pleading would be such notice. But the statute does not make the act of rejection an adjudication of the pleadings validity. Nor does it provide for any response. Apparently both parties act at their peril. If the answer is proper, it has been served; and if improper the purported service is a nullity. This has been determined in the case of an answer. A defendant may wait until the plaintiff has entered judgment on the supposed default and then raise the question (Treen Motors Corp. v. Van Pelt, 106 Misc. 357). While there appears to be no adjudication in the case of an amended answer there appears to be no reason for distinction. Of course a defendant may move to compel its acceptance (Travelers Ins. Co. v. Mulligan, 135 Misc. 714) but he is not obligated to do so.
It is therefore necessary to decide whether the pleading need be verified. It is the general rule that an answer in a libel action need not be verified. This is because the publication of a libel is a crime and a person charged with it would be privileged from testifying in regard to it. He is also privileged as regards his pleading (Civ. Prac. Act, § 248; Brewster v. New York Evening Journal, 267 N. Y. 612). Plaintiff concedes that as to the denials, which constituted the whole of the answer, this position is well taken and therefore he accepted the original answer. The amended answer pleads in addition truth of the publications and absence of malice because of reliance on sources of information. Plaintiff claims that is new matter to which the privilege does not attach.
Under the predecessor section to the present statute (Code Civ. Pro., § 156) it was held that the exemption did not apply to new matter pleaded by way of defense (Fredericks v. Taylor, 52 N. Y. 596). The present section is somewhat different in wording. It exempts the pleading if the party would be privileged “ from testifying as a witness concerning an allegation or denial contained in the pleading.” (Civ. Prac. Act, § 248.) So in .terms the exemption extends to the whole pleading if it contains any allegation or denial to which the privilege against self incrimination attaches. There is no provision for verifica *347 tion of a part of a pleading (except where that part constitutes in effect a separate action, in which event it is permissive [Civ. Prac. Act, § 249]) and there is grave doubt whether such a practice is allowable. (See Manners & Co. v. Sohnen, 206 Misc. 845.) In any event, the Legislature makes no distinction and the whole pleading must be accepted.
A further question is presented — whether the defenses are ‘ ‘ new matter ’ ’ which under any construction would require verification. The conclusion reached above obviates discussion on this point.
Motion granted, cross motion denied.