Lester Holtzman, J.
Defendants move for an order “ compelling the plaintiff to accept the unverified answer of the defendants pursuant to section 248 of the Civil Practice Act, or, in the alternative, for an order granting the defendants leave to serve an answer in such form as the Court may deem proper, and for an order granting the defendants leave to amend their answer to include a counterclaim against the plaintiff and one Sidney Tolmage, to rescind and set aside the transfer of shares of stock in the plaintiff corporation ”.
The complaint is verified and does not allege facts as to which either of the defendants would be privileged from testifying as a witness. (See Civ. Prac. Act, § 248.) Such facts are alleged in the affirmative defense of defendant De Lummen. The questions are (1) whether said defendant must verify the • answer and (2) if he need not, whether his codefendant must do so. The answer to both questions is no.
Section 157 of the Code of Procedure of 1849 (as amd. by L. 1851, ch. 479) provided, in pertinent part, that “ The verification may be omitted when an admission of the truth of the allegation might subject the party to prosecution for felony.”
That provision was superseded by section 1 of chapter 75 of the Laws of 1854 which provided that ‘ The verification of any pleading, in any court of record in this state, may be omitted in all cases where the party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading.” (Emphasis supplied.)
In Fredericks v. Taylor (52 N. Y. 596), decided by the Court of Appeals in 1873, it was held (p. 600) “ that the exemption in the Code, and the act of 1854 were designed to apply to cases only where the accusatory matter was contained in the pleading to be answered, and thus remove the temptation to perjury, if such matter was true, by enabling the party to deny the allega *939 tions without oath. But neither the Code nor the act of 1854 gives to a party the right to set up new matter in avoidance founded upon accusations against himself as to which he would be privileged from testifying as a witness without a verification of the same.”
In the course of construing section 157 of the Code of Procedure, the court wrote most significantly as follows (p. 600): “If it had been intended to extend to eases of new matter set up in avoidance of the pleading to be answered or to counterclaims thereto, other and different language showing such an intention would have been adopted. In such case the language used would have been in substance: The verification may be omitted when the pleading contains allegations which might subject the party to a prosecution for a felony.”
The essence of the language which the court stated would have reflected the intent to extend the exemption to affirmative defenses and counterclaims was included in the second sentence of section 523 of the Code of Civil Procedure, enacted by chapter 448 of the Laws of 1876, which provided even more broadly as follows: ‘1 But the verification may be omittted, in a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying, as a witness, concerning an allegation or denial contained in the pleading.” (Emphasis supplied.) And, except for a slight change in punctuation, that is the very language of the second sentence of section 248 of the Civil Pracice Act.
The present rule, therefore, seems to be that ‘ ‘ where new matter set up in an answer, either in avoidance of the facts alleged in the complaint, or by way of counterclaim, is founded upon or connected with some offense of the defendant as to which he would be privileged from testifying as a witness, the pleading need not be verified,” (See 4 Carmody-Wait, New York Practice, p. 431 and n, 16.) It follows that defendant De Lummen is not required to verify the answer. Since he need not, his codefendant is also exempt, (Clapper v. Fitzpatrick, 3 How. Prac. 314.) Although that case was decided in 1848, there has been no change in the law involved on this particular point, either statutory or otherwise. (See Curran v. Pegler, 17 Misc 2d 345, 346-347,)
In view of the foregoing, it follows that defendants are correct in their contention that they had a right to serve an unverified answer. Alternatively, however, they also seek leave to serve an amended answer. In order, therefore, to expedite the final joinder of issue in this action, the court holds that the unverified answer was properly served and grants the defendants leave
*940 to serve an amended answer, including the counterclaim briefly described in the notice of motion (Civ. Prac. Act, § 271; Renis Fabrics Corp. v. Millworih Converting Corp., 25 Misc 2d 280, 283), within 20 days after entry of the order hereon. While a copy of the proposed amended answer has not been made part of the moving papers, plaintiff has not raised that omission in opposition to the motion. To that extent, therefore, the parties have charted their own procedural course. (See Lidsky v. Klein, 18 A D 2d 666.)