HERMAN ORLOVE *et al.*, Plaintiffs-Appellees, *v.* WILLIAM NOVICK *et al.*, Defendants.—(NORMAN JACOBSON, Respondent-Appellant.)

First District (4th Division)    No. 78-1659

Opinion filed November 29, 1979.—Rehearing denied December 28, 1979.

Jerome E. Wexler, John P. C. Duncan, and Paul T. Fox, all of Chicago (Holleb, Gerstein & Glass, of counsel), for appellants.

Donald S. Shifris and Kevin G. Barry, both of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs-appellees, as limited partners in the Oak Manor Venture and shareholders in Oak Manor, Inc., brought this action in the circuit court of Cook County for an accounting, and to recover money damages from defendants, as partners in the Oak Manor Venture and controlling shareholders in Oak Manor, Inc., and for other injunctive relief. Respondent-appellant, Norman Jacobson, a nonparty to the suit, was subpoenaed by plaintiffs to testify for discovery purposes in this cause. In response to questions on oral deposition, respondent invoked the privilege against self-incrimination and refused to answer questions propounded by plaintiffs' counsel. Plaintiffs filed a rule to show cause, and the circuit court held respondent in contempt of court for refusing to answer the questions propounded by plaintiffs' counsel on deposition. Respondent was fined the sum of $25 for each day that he refused to comply with the court order. This appeal is taken by respondent from that finding of contempt. We reverse.

The facts are as follows: Respondent was the principal owner of Glick Pharmacy, an Illinois corporation, which he acquired on or about February 1, 1975. Unknown to him at the time of purchase, this business was engaged in certain questionable practices, to wit, kickbacks and rebates to owners or operators of the Oak Manor Skilled Nursing Center for the furnishing of drugs and pharmaceuticals. Respondent acquiesced in that practice for a short period of time and, subsequently, was charged with a one-count misdemeanor.

The facts which follow are partially in dispute. According to respondent Jacobson, he was charged with a misdemeanor under section 1396h (42 U.S.C. §1396h (1976)). He entered a plea agreement with the Federal government and pleaded guilty to a limited one-count

misdemeanor charge covering only certain transactions in April 1975. No representations were made in the plea agreement concerning the sentence to be imposed, nor did the Federal Government waive its right to bring a subsequent prosecution based on the same or different transactions. The Federal Government made no representations either as to the severity of the sentence to be imposed or as to further prosecutions. The plea agreement was not an agreement pursuant to Rule 11 (Fed. R. Crim. P. 11) and did not bar further prosecution. His sentencing hearing was held December 8, 1976.

According to plaintiffs, the Federal plea agreement was not introduced into evidence in the circuit court proceedings and is not in this record on appeal and, therefore, is not properly before this appellate court for consideration. The respondent pleaded guilty to a misdemeanor (42 U.S.C. §1396h(b)(1) (1976)). The statute was amended by Public Law 95-142, which upgraded the offense to felony status, only as to acts occurring or statements or representations made on or after October 25, 1977. Respondent's activities occurred prior to January 19, 1977. Finally, according to plaintiffs, the sentencing hearing was held on January 19, 1977, not December 8, 1976; that on December 8, 1976, respondent appeared in the United States District Court and was charged with, pleaded guilty to, and was convicted in a one-count information. On January 19, 1977, respondent was sentenced to 2 years unsupervised probation in connection with his guilty plea.

On May 24, 1977, respondent Jacobson was served with a subpoena for deposition in the instant case. When respondent was deposed, he was asked a series of questions touching upon his interest in Glick Pharmacy, its dealings with certain party defendants in the lawsuit, and questions pertaining to certain illegal conduct. According to respondent, these questions exceeded the scope of the transactions which were the subject of the Federal information discussed previously. As to all of these questions, on advice of counsel, respondent invoked his privilege against self-incrimination.

One of the defendants, Jacob Nayman, took a position similar to that of respondent. Nayman had pleaded guilty to eight counts of receiving kickbacks and rebates in violation of the statute (42 U.S.C. §1396h(b)(1) (1976)). Upon questioning, he also invoked his privilege against self-incrimination. Plaintiffs argued that both respondent Jacobson and defendant Nayman had waived the privilege against self-incrimination by their earlier pleas of guilty. Nayman's privilege was sustained in large part in the ruling of March 16, 1978, when the circuit court ruled that he had not waived his privilege against self-incrimination with respect to questions concerning the Oak Manor Skilled Nursing Center.

On June 2, 1978, the circuit court ordered respondent Jacobson to answer the following questions:

1. If he paid kickbacks and bribes to a representative of the Oak Manor Skilled Nursing Center.

2. To whom he paid said kickbacks and bribes.

3. The amount that he paid as a kickback or bribe to the representative(s) of the Oak Manor Skilled Nursing Center, and

4. The date(s) on which he made the payment of kickbacks or bribes to the representative(s) of the Oak Manor Skilled Nursing Center.

Respondent again invoked his privilege against self-incrimination. On June 22, 1978, plaintiffs filed a petition for a rule to show cause. Upon his refusal to testify on July 25, 1978, the trial court held respondent in contempt of court.

The question for our consideration is whether the circuit court erred in finding respondent in contempt for failing to answer specific questions by invoking the privilege against self-incrimination.

■■■ Provisions for the guaranty against compulsory incrimination are contained in both the fifth amendment to the United States Constitution and article I, section 10 of the Illinois Constitution.

"The privilege [against self-incrimination] can be claimed in any proceeding, be it criminal or civil, administrative or judicial, investigatory or adjudicatory, [citations] and it protects any disclosures which the witness may reasonably apprehend could be used in a criminal prosecution or which could lead to other evidence that might be so used." (*Murphy v. Waterfront Com.* (1964), 378 U.S. 52, 94, 12 L. Ed. 2d 678, 704, 84 S. Ct. 1594, 1611.)

Nonparty deponents may properly invoke in civil proceedings the privilege against self-incrimination. *Powers v. Kelley* (1967), 83 Ill. App. 2d 289, 295, 227 N.E.2d 376, 380.

■ Plaintiffs do not contend that the instant proceeding is beyond the scope of the fifth amendment privilege; rather, they argue that respondent waived his right to invoke the privilege by reason of his guilty plea and conviction in the instant case. Respondent argues, and we agree, that the plea cannot serve to waive his privilege against self-incrimination because the plea agreement did not encompass all of respondent's potential criminal liability. In other words, it was not an agreement pursuant to Rule 11 (Fed. R. Crim. P. 11).

Plaintiffs cite *McCarthy v. United States* (1969), 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166; *Reina v. United States* (1960), 364 U.S. 507, 5 L. Ed. 2d 249, 81 S. Ct. 260; and *United States v. Cioffi* (2d Cir. 1957), 242

F.2d 473, to support the argument that a plea of guilty includes a waiver of the privilege against self-incrimination. Our reading of these cases does not support plaintiffs' position in that they were decided on facts and grounds dissimilar from the instant case.

In *Reina*, the petitioner, who was serving a sentence for a Federal narcotics offense, attempted to invoke the privilege when summoned before a Federal grand jury. The United States Court of Appeals sustained a conviction for criminal contempt because petitioner had been granted immunity from prosecution for testimony before the grand jury. No such immunity was granted respondent in the instant case. In *Cioffi*, the court held that it was not error to call as a witness an alleged co-conspirator who had acted as a government agent after his arrest. The court would not grant a new trial after defendant was compelled to answer such questions as whether an indictment was still pending against him, and whether he had received a 10-year sentence. The court reasoned that inasmuch as he had already pleaded guilty to the criminal indictment he had no obvious reason for invoking the privilege, and there was no showing that the United States Attorney expected him to invoke the privilege on the stand. Further, the court ruled that the trial judge was correct in allowing the government to question the witness as to whether the proceedings against him under the indictment had been terminated, since that fact was crucial in deciding whether or not the witness could invoke the privilege. In the instant case, as respondent argues, the questions were not limited to the existence of the Federal plea; rather, they required him to testify to specific underlying transactions and to individuals and occurrences. Finally, *McCarthy* involved the procedures that must be followed under Rule 11 (Fed R. Crim. P. 11).

Plaintiffs argue further that the fifth amendment protection does not confer an absolute right to remain silent but protects against real dangers and not remote and/or speculative possibilities, citing *Murphy v. Waterfront Com.* (1964), 378 U.S. 52, 12 L. Ed. 2d 678, 84 S. Ct. 1594. Respondent, in return, cites *United States v. Pierce* (9th Cir. 1977), 561 F.2d 735, 738, which succinctly states his position as follows:

> "A voluntary guilty plea does not waive the right against self-incrimination for all prior activities of the defendant; it waives the privilege only with respect to the crime which is admitted. The defendant retains his privilege as to crimes for which he may still be liable."

In *Priebe v. World Ventures, Inc.* (C.D. Cal. 1976), 407 F. Supp. 1244, the United States District Court held that an individual defendant in a civil action may properly invoke the privilege against self-incrimination where the answers could provide the link in a chain of evidence needed in

criminal prosecution. As respondent suggests in the instant case, he may still be liable for certain charges arising out of the very same transactions which gave rise to his guilty plea.

We find the disclosures that respondent was asked to make were ones which he reasonably could apprehend would be used in a criminal prosecution against him or which could lead to other evidence that might be so used. Therefore, we hold that by pleading guilty respondent did not waive his right to invoke the privilege against self-incrimination, since neither State nor Federal criminal prosecution was precluded by his prior plea.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

LINN and ROMITI, JJ., concur.