Carman F. Ball, J.
The complaint herein is verified and alleges that the plaintiff sustained injuries as a result of a collision between a truck, in which he was a passenger, and an automobile owned by defendant, Beatrice Maybee, and being operated with her consent by the defendant, David L. Maybee, (Beatrice Maybee and David L. Maybee will be referred to hereafter as “ defendants ”).
The complaint contains the following paragraphs:
seventh: That on or about the 12th day of September, 1963, at or about 9:40 p.m. thereof, while the plaintiff, John J. Knight, was a passenger in the truck of the defendant, Samuel Caico, and while said truck was being operated and driven by Allan A. Hoopengarner, the agent, servant, and employee of the defendant, Samuel Caico, said truck in which plaintiff was riding violently collided and crashed with the automobile being operated by the defendant, David L. Maybee, on Jefferson Avenue at or near the intersection of Utica Street in the City of Buffalo, County of Erie and State of New York.
eighth : That the vehicles of the defendants violently crashed, struck, and collided with each other and that said collision was caused by the recklessness, *153 carelessness, and negligence of the defendants in the operation, control, and management of their respective vehicles and without any fault, carelessness, or negligence on the part of the plaintiff contributing thereto.
eleventh : That at all times herein mentioned, the defendant, David L. Maybee, was operating an automobile while under the influence of alcohol and in violation of Section 1192 of the Vehicle and Traffic Law of the State of New York.
twelfth : That the defendant, David L. Maybee, did voluntarily drive an automobile while so drunk that his muscular and nervous reactions were retarded and the perfect co-ordination of eye, brain, and muscle so essential for driving a ear, were impaired.
thirteenth : That while incapable of operating a ear after voluntarily getting intoxicated, the defendant, David L. Maybee, wantonly, grossly, wilfully, and negligently did operate an automobile in a distinctly anti-social manner, all the circumstances considered, to plaintiff’s grave detriment.
fourteenth: That on the 8th day of November, 1963, defendant, David L. Maybee, after trial by jury, in the City Court of Buffalo, was found guilty and convicted of violation of Section 1192-2 of the Vehicle and Traffic Law of the State of New York.
fifteenth: That the charge of drunken driving of which the defendant, David L. Maybee, was found guilty and convicted as set out in paragraph numbered ‘ Fourteenth ’ of this complaint arose from the circumstances as set out in paragraph numbered 1 Seventh ’ of the complaint.
seventeenth : That because of the defendant, David L. Maybee’s, wilful and wanton negligence as aforesaid, and in consideration of the premises, the plaintiff is entitled to recover punitive damages against the defendant, David L. Maybee, in the amount of fifty thousand dollars ($50,000.00) over and above the sum of his compensatory damages.
Heretofore, the defendants moved for an order striking paragraphs ‘ ‘ fourteenth ’ ’ and ‘ ‘ fifteenth ’ ’ from the complaint or, in the alternative, staying further proceedings in the action until a final determination of the pending appeal from the conviction alleged in paragraphs 1 ‘ fourteenth ’ ’ and ‘1 fifteenth ’ ’. Apparently, the basis for the motion was that said allegations set forth evidence which would not be admissible in the action, and on the further ground that it was not proper to set forth such evidence in the complaint. This motion was heard by Hon. Frank J. Kronenberg, a Justice of this court, who denied the motion in all respects.
After the denial of the said motion, the defendants served an unverified answer. The answer was deemed unacceptable by plaintiff’s attorney on the ground that it was unverified and plaintiff’s attorney returned it to defendants’ counsel immediately.
The defendants thereupon served the unverified answer herein, in which they denied the allegations contained in paragraphs ‘ ‘ ELEVENTH, ” “ TWELFTH, ” “ THIRTEENTH ’ ’ and ‘ ‘ SEVENTEENTH ” of the complaint; denied knowledge or information sufficient to form a belief as to paragraph “ seventh ” of the *154 complaint, but admitted ‘ ‘ that an automobile owned by the defendant, Beatrice Maybee, collided with a truck owned by Samuel Caico and driven by Allan A. Hoopengarner at about 9:40 p.m. on the 12th day of September, 1963. ’ ’ The answer also admitted the allegation contained in paragraph 11 eighth ’ ’ of the complaint, but denied that part of paragraph “ eighth ” which alleges ‘ ‘ that said collision was caused by the recklessness, carelessness, and negligence of the defendants in the operation, control, and management of their respective vehicles and without any fault, carelessness, or negligence on the part of the plaintiff contributing thereto.”
Simultaneously with the service of this answer, the defendants served upon the attorney for the plaintiff a notice of motion for an order to compel the plaintiff to accept the same, which motion was duly argued before me.
In support of this motion, defendants contend that if defendant, David L. Maybee, is successful in his pending appeal from the judgment convicting him of operating the motor vehicle while in an intoxicated condition, and in the event that a new trial is ordered, he would be privileged, on the ground of self incrimination, from testifying on such a new trial as to any of the matters contained in the paragraphs of the complaint which have been set out verbatim above and he would also be privileged from testifying to such matter in the within civil action, under CPLR 4501. (Counsel have advised the court that the defendant did not plead guilty; that the defendant did not testify during the trial, and that the appeal from the judgment of conviction is still pending.)
In opposition, the plaintiff contends that the privilege against testifying on the ground of self incrimination terminates with a judgment of conviction. That this is, the rule, as it is usually stated, must be conceded.
However, what does the phrase “ judgment of conviction” mean when used with the relation to the question as to when a privilege against incrimination terminates after a judgment of conviction? The court said in Matter of Richetti v. New York State Bd. of Parole (300 N. Y. 357, 360): “ We have had occasion to point out that the word ‘ conviction ’ is of equivocal meaning and that the use of the term may vary with the particular statute involved. It presents a question of legislative intent.”
The reason which is the basis for the statement that a judgment of conviction terminates the privilege against self incrimination is that, generally, a judgment of conviction effectively removes the danger of further prosecution, and, consequently, the privilege cannot properly and legally be asserted.
*155 Thus, in People v. Riela (14 Misc 2d 213, 219, affd. 9 A D 2d 481, revd. on other grounds 7 N Y 2d 571, cert. den. 364 U. S. 915) the court wrote: “To summarize, the rule is that when the danger of prosecution has been effectively removed, the reason for the privilege against self incrimination no longer exists and, consequently, the privilege cannot properly be asserted.”
In applying this principle to the instant case, we find that the danger of prosecution has not been effectively removed. The defendant has appealed from the judgment of conviction, which appeal is still pending, and which appeal may result in a reversal and a new trial. In this sense, the case against the defendant is still pending in the courts.
Neither counsel have furnished this court with any decisions in this State directly on the point, nor has the court been successful in finding any authorities in this State directly in point. There are very few decisions elsewhere dealing exactly with this issue. (People v. Den Uyl, 318 Mich. 645, 649; Mills v. United States, 281 F. 2d 736, 741; Matter of Bando, 20 F. R. D. 610, 615, revd. on other grounds 253 F. 2d 135.)
This court holds that the privilege of defendant, David L. Maybee, against self incrimination is not terminated after his trial and judgment of conviction since his appeal from that said judgment is still pending.
This brings us to the ultimate question which has to be decided on this motion, namely, may the defendants — serve an unverified answer.
CPLE 3020 (subd. [a]) provides, in part, as follows: “ Unless otherwise specified by law, where a pleading is verified, each subsequent pleading shall also be verified, except the answer of an infant and except as to matter in the pleading concerning ivhich the party would be privileged from testifying as a witness. ” (Emphasis supplied.)
While I am satisfied that defendant’s privilege against self incrimination permits the defendant to serve an unverified answer as to those matters in the complaint concerning which he would be privileged from testifying as a witness, the question remains whether the defendant is required to verify the answer as to the other ‘ nonincriminating ’ ’ matters alleged in the complaint?
Formerly under section 248 of the Civil Practice Act, in this situation, defendant would not have been required to verify the answer at all, by reason of the terminology of that section, which read, in part, as follows: ‘ ‘ But the verification may be *156 omitted, in a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading.” (Emphasis supplied.) (King v. Terwilliger, 259 App. Div. 437 [4th Dept.]; Curran v. Pegler, 17 Misc 2d 345.)
It was the apparent intention to change this rule under the provisions of CPLB 3020 (snbd. [a]). “ However, since CPLB 3020 (a) reads £ except as to matter in the pleading concerning which the party would be privileged; the implication is that the remainder of the pleading must be verified. . . . ” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pp. 30-376, 30-377.)
CPLB 3020 (subds. [b], [d], par. 2) provides that if two or more parties united in interest are pleading together, the verification shall be made by at least one of them who is acquainted with the facts. The court has been advised by counsel that the codefendant, Beatrice Maybee, was not present at the time of the collision and that she is not personally acquainted with the facts.
For the reasons above set forth, the defendants’ motion is denied, with leave to serve an answer, verified only as to those matters set forth in the complaint concerning which defendant, David L. Maybee, would not be privileged from testifying on the ground of self incrimination, which answer is to be served within 10 days after service upon the defendants’ counsel of a copy of the order herein together with notice of entry thereof.