**Emile de ANTONIO, Plaintiff,**

**v.**

**Arthur K. SOLOMON, Defendant.**

**Civ. A. No. 65–679.**

United States District Court
D. Massachusetts.

Dec. 29, 1966.

**448**

Jacob M. Atwood, Mahoney, McGrath, Atwood, Piper & Goldings, Boston, Mass., for plaintiff.

Harold Rosenwald, Boston, Mass., for defendant.

## MEMORANDUM

GARRITY, District Judge.

The complaint in this action contains two counts. The first count alleges that the defendant with wrongful intent "unlawfully and unjustly gained the affection" of Marilyn A. B. de Antonio, then the plaintiff's wife, and "persuaded, procured and enticed" her to leave the plaintiff. The second count alleges that the defendant, with wrongful intent, "wrongfully and wickedly debauched and carnally knew" Marilyn A. B. de Antonio.

The defendant filed an answer to each count in which he admits the jurisdiction of the court, denies that Marilyn A. B. de Antonio is or ever was the plaintiff's wife, evidently contending that her prior divorce was invalid, and refuses to answer the remaining allegations of the complaint upon the ground that a complete answer may tend to incriminate him, claiming a privilege under the fifth amendment of the Constitution of the United States. The fifth amendment applies alike to civil and criminal proceedings. United States v. Zuskar, 7 Cir., 1956, 237 F.2d 528.

The plaintiff has now brought a motion pursuant to Rule 55, Fed.R.Civ.P., to default the defendant on the ground that the defendant's answer fails to comply with Rule 8(b), Fed.R.Civ.P., which provides that a party "shall admit or deny the averments upon which the adverse party relies."

The plaintiff conceded at the hearing that the allegations in the second count of the complaint allege conduct punishable as a crime. The first count alleges conduct which, although not criminal in itself, might if admitted, furnish a link in the chain of evidence needed to prosecute for the conduct alleged in the second count. The defendant would be entitled to assert his privilege if called upon to admit at trial the truth of the facts alleged in both counts. Malloy v. Hogan, 1964, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653; and Murphy v. Waterfront Commission, 1964, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678. The question presented here is whether the privilege traditionally associated with testimonial compulsion also shields the defendant from the pleading requirements of Rule 8, Fed.R. Civ.P.

The practice in the state courts of New York is worth noting. There a defendant may omit verification of an answer which might tend to incriminate him. Oppenheim v. Gunther, 1948, 193 Misc. 914, 85 N.Y.S.2d 210; Travelers' Insurance Co. v. Mulligan, 1931, 231 App.Div. 222, 247 N.Y.S. 85; Knight v. Maybee, 1964, 44 Misc.2d 152, 253 N.Y.S.2d 59. The privilege to omit verification in these circumstances is provided by statute and has also been held to be provided by the state constitution's privilege against self-incrimination. People v. Lorch, 1939, 171 Misc. 469, 13 N.Y.S.3d 155.

■ While there are some state court cases holding that a defendant is relieved of the necessity of filing a responsive pleading when he might thereby be incriminated, e. g., State v. Myers, 1962, 244 Misc. 778, 146 So.2d 334, and Ridge v. State ex rel. Tate, 1921, 206 Ala. 349, 89 So. 742, I choose not to follow them partly because of the rule of evidence that pleadings in an action at law are generally not admissible in a criminal prosecution as proof of the facts therein alleged. 2 Wharton's Criminal Evidence, § 628 (12th ed. 1955) citing Commonwealth v. Aronson, 1925, 250 Mass. 521, 146 N.E. 14; see State v. Wilson, 1940, 217 N.C. 123, 7 S.E.2d 11. The use against a defendant in a criminal prosecution of a pleading filed on his behalf in a prior civil case is generally restricted to pleadings voluntarily filed under circumstances showing a waiver of the privilege, 4 Wigmore on Evidence, § 1066 (3rd ed. 1940). That exception would not apply to the defendant in this case since he has asserted the privilege.

■ The court must consider not only the defendant's privilege against self-incrimination but also the plaintiff's right and the court's need to have the issues between the parties established and delineated and therefore orders the defendant to file an answer to the complaint in conformity with Rule 8, Fed.R. Civ.P. That he may be protected from possible incrimination, and in the absence of any applicable immunity statute, see 8 Wigmore on Evidence, § 2281 (3rd ed. 1940), the court also orders that the defendant's answer be impounded pending a hearing on the question whether the order to impound shall be permanent.

The plaintiff's motion to default the defendant is denied without prejudice and the defendant is ordered to file an answer within 15 days.

■ The plaintiff has also brought a motion to compel the defendant to answer questions on oral examination. On April 13, 1966 the oral deposition of the defendant was taken, during which he refused to answer many questions upon the ground that a truthful answer might tend to incriminate him. It is clear that the scope of pretrial discovery is circumscribed by the privilege against self-incrimination, Hope v. Burns (E.D.Ky. 1947), 6 F.R.D. 556; 4 Moore's Federal Practice, § 26.22, as well as the requirement of relevancy. O'Donnell v. Breuninger, (D.C.1949), 9 F.R.D. 245.

The defendant apparently believes that all matters "relevant to the subject matter in the pending action" are objectionable as privileged because the complaint alleges criminal conduct. The effect of the defendant's theory is to shut the door to any pretrial discovery by the plaintiff.

The Federal Rules of Civil Procedure do not contemplate such a result. It is stretching the language of Malloy v. Hogan, 1964, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 which sets out the considerations necessary to sustain the privilege against self-incrimination, to hold that information which is relevant to a civil action, even if criminal conduct is alleged, is automatically within the privilege against self-incrimination. The test is whether, from a careful consideration of all the circumstances in the case, "a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure might result." Hoffman v. United States, 1951, 341 U.S. 479, 487, 71 S.Ct. 814, 818, 95 L.Ed. 1118; see United States v. Costello, 2 Cir., 1955, 222 F.2d 656, Brewer v. Hassett, D.Mass., 1942, 2 F.R.D. 222.

■ The court will not go through the plaintiff's deposition of the defendant question by question, objection by objection, to determine in each instance where the privilege should be sustained. The court will allow the plaintiff's motion to compel the defendant to answer unless within 20 days the defendant specifies in writing, with respect to each question objected to,

the grounds of his objection and, wherever possible without incrimination, in what respect a responsive answer may have a tendency to incriminate him. The court will then rule on such objections, and all other questions, not then objected to, shall be answered.