**Emile de ANTONIO, Plaintiff,**

v.

**Arthur K. SOLOMON, Defendant.**

**Civ. A. No. 65-679-G.**

United States District Court
D. Massachusetts.

June 30, 1967.

GARRITY, District Judge.

## MEMORANDUM AND ORDERS ON PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND TO DEFAULT THE DEFENDANT

A brief recital of some of the history of this litigation is necessary to an understanding of this memorandum. Following Judge Caffrey's denial of the defendant's motion to dismiss, the defendant filed an "answer" which did not actually answer the allegations of the complaint but asserted the privilege against self-incrimination. The following day the plaintiff filed a motion to default the defendant on the ground that the answer failed to comply with the applicable Federal Rules of Civil Procedure. Ten days later the plaintiff moved for summary judgment, relying basically upon the same failure of the defendant to file a genuinely responsive pleading. The plaintiff requested a hearing on the motion to default, which was denied without prejudice by memorandum of the court dated December 29, 1966, D.C., 41 F.R.D. 447, which also ordered the defendant to file a responsive answer. The defendant then filed an amended answer reasserting his privilege against self-incrimination. Since then the plaintiff has treated his motions to default and for summary judgment indiscriminately. A hearing was held only on the latter motion, but substantially the same arguments are applicable to both and both will therefore be decided in this memorandum.

As stated in the court's previous memorandum, the complaint in this action contains two counts. The first count alleges that the defendant with wrongful intent "unlawfully and unjustly gained the affection" of Marilyn A. B. de Antonio then the plaintiff's wife. The second count alleges that the defendant with wrongful intent "wrongfully and wickedly debauched and carnally knew" Marilyn A. B. de Antonio.

The defendant's amended answer admits the jurisdiction of the court, denies

Morris M. Goldings, Jacob M. Atwood, Mahoney, McGrath, Atwood, Piper & Goldings, Boston, Mass., Michael S. Yesley, Boston, Mass., co-counsel for plaintiff.

Harold Rosenwald, Goldman, Goldman, Curtis, Cashman & Rosenwald, Boston, Mass., Richard H. Field, Cambridge, Mass., co-counsel, for defendant.

**322**

that Marilyn A. B. de Antonio is or ever was the plaintiff's wife, and refuses to answer the remaining allegations of the complaint upon the ground that a complete answer may tend to incriminate him. The defendant denies that Marilyn A. B. de Antonio is or ever was the plaintiff's wife upon the ground that the plaintiff was married to another woman at the time he purported to marry Marilyn A. B. de Antonio. The basis of the defendant's denial that Marilyn A. B. de Antonio ever has been the plaintiff's wife is that the divorce decree between the plaintiff and Lois Long de Antonio, which was obtained prior to the plaintiff's marriage to Marilyn A. B. de Antonio, was ineffective because the decree was obtained in Mexico and would not be recognized by a court in the United States. It is conceded by both parties that a divorce decree was obtained in Mexico which purported to divorce the plaintiff and Lois Long de Antonio and that subsequently the plaintiff married Marilyn A. B. de Antonio.

 Both motions of the plaintiff have effectively been determined by two decisions of the Supreme Court of the United States promulgated since this court's previous memorandum, Spevack v. Klein, 1967, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574, and Garrity v. State of New Jersey, 1967, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562. It would be inconsistent with these decisions for this court to default the defendant for exercising his privilege against self-incrimination under the circumstances of this case. Such a sanction would make the assertion of that privilege indeed "costly," and would be the kind of watering down of the privilege which the Supreme Court has clearly proscribed.[1] Spevack v. Klein, supra.

 For the same reason, the court must regard the defendant's assertion of his privilege against self-incrimination in defense against various allegations in the complaint as having the effect of a denial of such allegations and therefore considers a material issue of fact to exist as to those allegations. Although Rule 8(d), Fed.R.Civ.P., provides that averments in a complaint are admitted when not denied, the defendant's right to assert his privilege against self-incrimination would be considerably watered down if his failure to explicitly deny averments might result in a summary judgment against him. Spevack v. Klein, supra. Henceforth in these proceedings the defendant's claims of the privilege in his amended answer will be treated as equivalent to specific denials.

The plaintiff's motions for summary judgment and to default the defendant are denied.

### MEMORANDUM AND ORDER QUASHING SUBPOENA DUCES TECUM SERVED ON MARILYN SOLOMON

On January 11, 1967 the plaintiff served the witness Marilyn Solomon with a subpoena duces tecum requiring her to be present at the time and place designated for her deposition, which he had previously noticed, and to bring her United States passport "in existence between January 1, 1960 and June 15, 1965." Marilyn Solomon, who is the plaintiff's former wife and who is now married to the defendant, has moved that the subpoena served upon her to produce her passport be quashed on the grounds that the production of said document would tend to incriminate her. The plaintiff has countered with a motion that she be cited for contempt for refusing to produce her passport. The plaintiff undoubtedly seeks the passport

1. One might argue that the principles set forth in Garrity v. State of New Jersey, supra, provide the defendant here with immunity from having his answers used against him in a possible future criminal proceeding. This view was suggested by Mr. Justice White dissenting in Spevack v. Klein, supra, but was not persuasive to the majority of the Court in that case.

to ascertain the whereabouts of Marilyn Solomon at times when he contends that she, then the plaintiff's wife, was in the company of the defendant. The complaint in this action alleges that the defendant enticed Marilyn Solomon to leave the plaintiff and that the defendant and Marilyn Solomon engaged in criminal conversation.

■ Rule 45(d) (1), Fed.R.Civ.P., provides that a subpoena may command a person whose deposition is to be taken to produce materials which contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b). Matters which are privileged are not within the scope of Rule 26(b). It is clear that the privilege against self-incrimination applies to the production of documents as well as to oral statements sought from a witness. Spevack v. Klein, 1967, 385 U.S. 511, 87 S.Ct. 636, 17 L.Ed.2d 574; Boyd v. United States, 1885, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746.

■ The issue presented by this motion is whether the production of the passport would deny to Marilyn Solomon the privilege of refusing to incriminate herself. The test here, as in Hoffman v. United States, 1951, 341 U.S. 479, at 488, 71 S.Ct. 814, at 819, 95 L.Ed. 1118, is whether it is

" 'perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] cannot possibly have such tendency' to incriminate."

This court has previously considered the incriminating nature of the complaint in this action. See Memorandum of December 29, 1966. Count two alleges conduct punishable as a crime and count one alleges conduct which, if admitted, might furnish a link in the chain of evidence needed to prosecute for the criminal conduct alleged in the second count. The court also ruled, however, that merely because evidence satisfied Rule 26(b)'s relevancy requirement, it was not automatically privileged in a civil action in which criminal conduct is alleged. The court should consider all the circumstances in determining whether an injurious disclosure might result.

The English experience, in cases similar to this one, has been to give dominant consideration to the likelihood that the disclosure requested in a civil action would expose the party to criminal liability. In Redfern v. Redfern (1891) P. 139, the respondent in an action for dissolution of a marriage on the grounds of adultery was not required to file an affidavit whether she had in her possession any documents relating to the matters in question in the suit. The court, recognizing that adultery was not an indictable offense at common law or by statute, noted that adultery did expose the guilty party to ecclesiastical censure. More recently, however, the English courts have restricted the Redfern rule to its facts and have held that, since the danger of ecclesiastical censure is by now "purely fantastic", a party in a civil action would not be protected by the privilege against self-incrimination from disclosing his participation in adulterous activities. Blunt v. Park Lane Hotel (1942), 2 K.B. 253 (C.A.); Lewis v. Lewis (1958) All E.R. 859 (C.A.).

■ The danger that Marilyn Solomon will ever be prosecuted for adultery, if adulterous conduct should be established in this action, is at least remote but it is not "purely fantastic." A prosecuting attorney in Massachusets or New York might be persuaded to bring such charges. In such event, evidence that Marilyn Solomon and the defendant during 1965 and previously traveled together from country to country while she was married to the plaintiff might be probative on the question whether she and the defendant committed adultery within the jurisdiction in which criminal charges had, hypothetically, been brought. It cannot be said that the information

which her passport might provide could not possibly have a tendency to incriminate her under those circumstances.

Marilyn Solomon's motion to quash is allowed. The plaintiff's motion to cite her for contempt is denied.