**John J. GUY, Trustee in Bankruptcy of D. Don Lowers, a Bankrupt, Plaintiff,**

v.

**Edward J. ABDULLA et al., Defendants.**

**Civ. A. No. C 72–360.**

United States District Court,
N. D. Ohio, E. D.

Feb. 9, 1973.

See also, D.C., 57 F.R.D. 14 and D. C., 58 F.R.D. 3.

Richard E. Guster, Roetzel & Andress, Akron, Ohio, for plaintiff.

George J. Emershaw, Akron, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge:

Gordon Hagerman, one of the named defendants in this class action, has

1

moved for a protective order to prevent his being required to answer interrogatories served by plaintiff. He alleges as grounds for this motion that he is currently under investigation by the Summit County Grand Jury for the same series of transactions involved in this suit, and being compelled to answer the interrogatories would violate his Fifth Amendment right against self-incrimination.

█ █ It is well settled that the scope of protection afforded by the Fifth Amendment is sufficiently broad to encompass civil pre-trial discovery. Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); McCarthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924); Paul Harrigan & Sons v. Enterprise Animal Oil Co., 14 F.R.D. 333 (E.D.Pa.1953). However, there remains a question as to the proper procedure to be followed in such cases. By requesting a protective order, counsel for Mr. Hagerman asserts a right to refuse to answer any of the interrogatories submitted by plaintiff. Future discovery would probably be opposed in a similar manner. The Federal Rules, however, do not contemplate a complete refusal to participate in any discovery pertaining to an action which could have criminal overtones. On the contrary, the defendant may be required to attend a deposition or make answers to interrogatories until there is a reasonable dangc that continuing to answer will tend to incriminate him. In re Turner, 309 F.2d 69, 71 (2d Cir. 1962); Duffy v. Currier, 291 F.Supp. 810, 815 (D.Minn.1968).

█ Thus, a defendant may not completely refuse to participate in pre-trial discovery, as this motion suggests. Rather, one must claim a privilege with specificity by refusing to answer a particular question or questions. Upon a motion to compel discovery under Rule 37(a), the Court will then determine whether the refusal is within the privilege claimed by ascertaining whether a truthful response would provide ". . . a link in the chain of evidence . . ." needed to prosecute, Blau v. United States, 340 U.S. 159, 161, 71 S.Ct. 223, 224, 95 L.Ed. 170 (1950), or whether the answers could not possibly have a ⸱tendency to incriminate. Hoffman v. United States, *supra;* Counselman v. Hitchcock, 142 U.S. 547, 12 S. Ct. 195, 35 L.Ed. 1110 (1892).

█ Defendant seeks to have the Court review all questions propounded in advance of a refusal to answer. Such a course, if followed, would lead to an enormous waste of time, especially if such determinations must be made as to each defendant in this case. Privileges must be either asserted or waived. United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); United States v. Fishman, 15 F.R.D. 151 (S.D. N.Y.1953). The Court can ascertain no prejudice resulting from requiring an initial determination of the scope of defendant's Fifth Amendment privilege to be made by his counsel. Specific objections will then be resolved by the Court upon motion by plaintiff to compel discovery under Fed.R.Civ.P. 37(a). Of course, the Court would then have the authority under that rule to levy appropriate sanctions for frivolous motions or unjustified refusals to answer. Fed.R. Civ.P. 37(a)(4). It would also retain the power to grant an appropriate protective order if one would appear to be necessary after proceeding under Rule 37(a). *See* Fed.R.Civ.P. 37(a)(2). The procedure outlined above has already been successfully utilized by other defendants in this case.

The language of Rule 26(b)(1) provides adequate protection for defendant Hagerman's Fifth Amendment privilege. His motion for a protective order is premature, and, accordingly, will be denied.

It is so ordered.