Mary QUINN, General Administratrix and Administratrix ad Prosequedum of the Estate of Vincent D. Quinn, Jr., Deceased, Plaintiff,

v.

George PETTO and Linda Petto, Individually and trading as Allen Motor Inn, Defendant and Third-Party Defendant,

v.

Frederick Weiler BLADY, Third-Party Defendant.

Civ. A. No. 79–493.

United States District Court, M. D. Pennsylvania.

Oct. 23, 1979.

---

7. *See* 457 F.Supp. 1197 (D.R.I.1978) for original opinion.

Stephen S. Weinstein, Morristown, N. J., Arthur Silverblatt, Wilkes-Barre, Pa., for plaintiff.

David W. Saba, Wilkes-Barre, Pa., Walter S. Frankowski, Jr., Honesdale, for defendant and third-party defendant.

## MEMORANDUM

CONABOY, District Judge.

The action at bar is a civil action for damages brought on behalf of the estate of an individual who died in a fire at the Allen Motor Inn, Honesdale, Pennsylvania. At the time of the fire the Motor Inn was being operated by the Defendants George and Linda Petto. Criminal charges have subsequently been filed against these Defendants as a result of the fire. They have now petitioned this Court for a stay of all proceedings in this action, including pretrial discovery, on the basis that the filing of the Answers to Interrogatories or the response by Defendants to any other discovery in this matter would violate the privilege against self-incrimination.

Because we find that the relief sought goes beyond that which is necessary to insure that there is no violation of the Defendants' privilege against self-incrimination, we will deny the Defendants' Motion to Stay.

 It is well established that the Constitutional privilege against self-incrimination does apply in civil proceedings. The privilege is not ordinarily dependent upon the nature of the proceedings in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it. *McCarthy v. Arndstein,* 266 U.S. 34, 40, 45 S.Ct. 16, 69 L.Ed. 158. The scope of the privilege is sufficiently broad to encompass civil pretrial discovery. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118. Since the Defendants in this case are now facing charges arising out of the same incident as this civil suit, their assertion of their privilege against self-incrimination as a basis for declining to answer questions propounded by the Plaintiffs is proper. However the means by which they currently seek to invoke this privilege is too broad.

In *Guy v. Abdulla,* 58 F.R.D. 1, the Defendant in a bankruptcy proceeding sought a protective order to permit him to refrain from answering questions about a series of transactions which were also the subject of a grand jury investigation at the time of the bankruptcy hearing. The Court in that case wrote:

> The Federal Rules, however, do not contemplate a complete refusal to participate in any discovery pertaining to an action which could have criminal overtones. On the contrary, the defendant may be required to attend a deposition or make answers to interrogatories until there is a reasonable danger that continuing to answer will tend to incriminate him. *Id.* at 2.

The test is whether, from a careful consideration of all the circumstances in the case, "a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure might result." *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118, as quoted in *de Antonio v. Solomon,* 41 F.R.D. 447, 449.

Therefore, Defendants cannot properly refuse to participate in any pretrial discovery and stay all proceedings. Rather, they must claim their privilege with speci-

ficity by refusing to answer a particular question or questions. Upon a Motion to Compel Discovery under Rule 37(a), the Court can then determine whether the refusal is within the privilege claimed by ascertaining whether a truthful response would provide ". . . link in the chain of evidence" needed to prosecute. *Blau v. United States,* 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170, or whether the answers could not possibly have a tendency to incriminate. *Hoffman v. United States,* supra.

The proper procedure in this case is for the Defendants to file their answers to the interrogatories propounded to them by the Plaintiffs, asserting their Fifth Amendment privilege where they deem it necessary to do so. Plaintiffs may then file a Motion to Compel Answers under Rule 37(a), and submit the list of disputed questions for the Court's determination. An appropriate protective order may be entered at that time, if necessary, more limited in scope than the Motion currently before the Court.

Therefore, the Defendants' present Motion to Stay all proceedings including pretrial discovery will be denied.