**MULTISTATE TAX COMMISSION,
Eugene F. Corrigan, et al.,
Petitioners/Cross-Appellants,**

v.

**UNITED STATES STEEL
CORPORATION, et al.,
Respondents/Appellants.**

Nos. 80–3457, 80–3494.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 1981.

Decided Oct. 7, 1981.

Rehearing Denied Nov. 12, 1981.

**932**

William D. Dexter, Tumwater, Wash., for Multistate Tax Com'n.

Dale G. Higer, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, Neil Papiano, Iverson, Yoakum, Papiano & Hatch, Los Angeles, Cal., for U. S. Steel Corp.

Before KILKENNY and SCHROEDER, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

This is an action by the Multistate Tax Commission (MTC) seeking an order compelling production of documents for its audit of United States Steel Corporation. These appeals are from the district court's order delineating the rights and duties of the parties.

 The district court stayed its order pending this appeal, but conditioned the stay upon the filing by U.S. Steel of a 60-day waiver of the statute of limitations. Such a condition was not an abuse of the trial court's discretion. *In re Turner*, 309 F.2d 69, 72 (2d Cir. 1962); *Foster v. United States*, 265 F.2d 183, 188–89 (2d Cir.), *cert. denied*, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959); *see also* Fed.R.Civ.P. 62(c).

 The district court did not consider any issues concerning the effectiveness of the waiver and the continued viability of the audit in the light of provisional assessments issued by some states. No such questions are properly before us.

 The contested issues with respect to the substance of the order itself concern, first, the ruling that U.S. Steel should permit inspection of allegedly proprietary information, and second, the prohibition against MTC's copying U.S. Steel documents. The first issue could well have been avoided by an *in camera* inspection by the district court to determine whether the documents in question do in fact contain information which should not be disclosed. We conclude that such an inspection would still be helpful in the circumstances. The district court's order should be modified to provide for disclosure of the disputed materials subject to *in camera* inspection upon motion by U.S. Steel. With respect to copying, we believe that if, after MTC has completed its final inspection, it wishes to have copies of a reasonable number of documents, it may apply to the district court for an appropriate order.

The district court's order is affirmed as modified.