**MULTISTATE TAX COMMISSION Eugene F. Corrigan, et al., Petitioners-Appellants,**

v.

**UNITED STATES STEEL CORPORATION, Respondent-Appellee.**

No. 83–3611.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1983.

Decided Aug. 31, 1983.

William D. Dexter, Gen. Counsel, Tumwater, Wash., for petitioners-appellants.

Dale G. Higer, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, Neil Papiano, Iverson, Yoakum, Papiano & Hatch, Los Angeles, Cal., for respondent-appellee.

Before ANDERSON and FLETCHER, Circuit Judges and JAMESON,* District Judge.

PER CURIAM:

This is an appeal by the Multistate Tax Commission (MTC) from an order of the district court dismissing MTC's action to enforce its income tax audit of United States Steel Corporation, the court concluding that there was no remaining judicial controversy upon which it might grant further relief. We remand for more specific findings with respect to the substantiality of U.S. Steel's compliance with a prior order of the court.

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sit-    ting by designation.

## I. *History of Proceedings*

MTC was created under the Multistate Tax Compact, which became effective in 1967 and which has now been adopted by more than 20 states. The Supreme Court upheld the constitutionality of the Compact in *United States Steel Corp. v. Multistate Tax Commission,* 434 U.S. 452, 98 S.Ct. 799, 54 L.Ed.2d 682 (1978). Article VIII of the Compact authorizes MTC to conduct audits on behalf of member states and to seek compulsory process to enforce its audits in the courts of any member state.

Eight states [1] requested MTC to audit several corporations, including U.S. Steel. On August 23, 1976, MTC petitioned an Idaho state court for an order compelling production of documents. U.S. Steel with other corporations subject to the audit removed the action to federal court. During the years 1977 to 1980 the district court entered various orders to facilitate the audit and settle periodic disputes between the parties.

On October 16, 1980, the district court entered a comprehensive order compelling production of 12 categories of documents. Both parties appealed from the order to this court, which affirmed the order as modified to permit *in camera* inspection of certain sensitive documents. *Multistate Tax Commission v. United States Steel Corp.,* 659 F.2d 931 (9 Cir.1981). Meanwhile, to avoid the statute of limitations bar, the eight states participating in the audit issued deficiency assessments against U.S. Steel, which then filed administrative appeals in each state. On November 25, 1981, U.S. Steel moved to dismiss on the ground that no justiciable controversy existed between the parties because separate assessment proceedings had rendered the audit unnecessary or redundant. The district court granted the motion, dismissing the matter "without prejudice to the right of the petitioners to pursue any remedies that they may have under state law."

## II. *Issues on Appeal*

Two primary issues are presented on this appeal: (1) whether MTC may proceed fur-ther with its unitary audit since all of the states have issued provisional assessments and each may proceed with its own method of discovery and review under standards promulgated in the respective states; and (2) whether U.S. Steel has complied with the district court's production order of October 16, 1980, affirmed as modified by this court.

## III. *Effect of State Assessments*

In the order of dismissal the district court noted that each state had issued its own deficiency assessment, that U.S. Steel had filed a protest to each assessment, and that the matter is now before the administrative bodies or courts in each state. The court found that the burden to disprove the validity of the assessments had shifted to U.S. Steel, including the necessity of producing additional information or documents to disprove the validity of the assessments. The court, therefore, concluded that there was no remaining judicial controversy upon which the court might grant relief. In urging the correctness of this conclusion, U.S. Steel argues that the various taxing agencies of the individual states may subpoena additional documents and persons to assist the agencies in determining whether the deficiency assessments are correct.

■ We cannot agree that the state procedures alone obviate the need for completion of the unitary audit undertaken by MTC. Among the purposes which the Multistate Tax Compact is supposed to serve are: "(1) facilitating proper determination of state and local tax liability of multistate taxpayers; ... (3) facilitating taxpayer convenience and compliance in the filing of tax returns and in other phases of tax administration; and (4) avoiding duplicative taxation." *United States Steel Corp.,* 434 U.S. at 456, 98 S.Ct. at 804. Separate state assessment proceedings do not seriously conflict with the way MTC serves these purposes. In fact, separate state proceedings are an integral part of the Compact

**1.** Alaska, California, Colorado, Idaho, Kansas, Montana, North Dakota, and Utah.

and a limitation on the power of MTC.[2] U.S. Steel must proceed through state administrative processes any time it protests an assessment. Under such circumstances, the information supplied the states by MTC provides a basis for the assessment and the primary evidence with which to defend the assessment under protest. The continuing importance of the MTC audit is apparent from the affidavit of the Kansas Secretary of Revenue who states that "assessments have been protested by U.S. Steel but that the disposition of the protest has been held in abeyance until the audit can be completed...." The original purposes of the Compact—proper determination of tax liability, convenience and compliance of taxpayers, avoiding duplicative taxation—still are clearly promoted by completion of a single MTC audit as opposed to numerous separate and redundant state inquiries.

U.S. Steel argues that continuing the audit after state assessment exceeds MTC's statutory authority. Yet, sections 2 and 3, article VIII of the Compact authorize MTC to perform audits *at the request* of member states and to employ the compulsory process of those states to advance the audit.[3] Apparently, all eight states requested the present audit and have not withdrawn their requests.[4] MTC, therefore, has not only the general statutory authority to perform audits but also the particular authority to perform the present audit of U.S. Steel.

IV. *Compliance with Production Order*

■ The parties are in sharp disagreement with respect to whether U.S. Steel had complied with the production order of October 16, 1980. At oral argument counsel for U.S. Steel stated that there had been "at least substantial compliance" with the order. Counsel for MTC argued that "no information at all" had been furnished pursuant to that order.

It might be inferred from the conclusion of the district court that there had been a substantial compliance with the order, but we cannot properly determine from the court's bare conclusion whether or not the court abused its discretion in deferring to state proceedings without enforcing completion of the unitary audit by MTC. If U.S. Steel has not substantially complied with the production order, the district court should enter such further orders as may be necessary to ensure compliance. If, however, U.S. Steel has substantially complied with the October 16, 1980 order and is not otherwise preventing MTC from completing its audit, then dismissal would be proper on the ground that there is no remaining judicial controversy.

Accordingly, we remand to the district court for further hearing, if deemed necessary, and for findings with respect to the substantiality of compliance with the production order of October 16, 1980.

---

**2.** The Supreme Court emphasized that under Article VIII "individual member States retain complete control over all legislation and administrative action affecting the rate of tax, the composition of the tax base (including the determination of the components of taxable income), and *the means and methods of determining tax liability and collecting any taxes determined to be due." U.S. Steel Corp.,* 434 U.S. at 457, 98 S.Ct. at 805.

**3.** For a section by section explanation of the Compact, see *United States Steel Corp. v. Mul-*

*tistate Tax Commission,* 417 F.Supp. 795 (S.D. N.Y.1976), *aff'd.,* 434 U.S. 452, 98 S.Ct. 799, 54 L.Ed.2d 682 (1978).

**4.** The record is unclear, but counsel for U.S. Steel advised the court in oral argument that Colorado and Kansas had independently reached a settlement with U.S. Steel. Nonetheless, counsel did not assert that Colorado and Kansas or any other state had withdrawn its request for the audit.