**GATOIL, INC.**

v.

**FOREST HILL STATE BANK, et al.**

**Civ. No. JH 84–873.**

United States District Court,
D. Maryland.

Feb. 15, 1985.

Donald N. Rothman, David W. Parsons, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., Dempsey J. Prappas, Prappas, Moncure, Harris & Eidman, Houston, Tex., for plaintiff.

Nell B. Strachan, Katharine J. Armentrout, Venable, Baetjer & Howard, Baltimore, Md., for defendant Forest Hill State Bank.

William L. Clark, Hooper, Kiefer & Cornell, Baltimore, Md., Robert Kirkman Collins, Davidson, Dawson & Clark, New York City, for defendant Van Oil, U.S.A., Inc.

J. Michael Recher, Towson, Md., for defendant Fleet Supplies, Inc.

Francis S. Brocato, Brocato, Schwartz & Keelty, Baltimore, Md., for defendants Texas Nat. Energy & Refining Corp. and Naples.

FREDERIC N. SMALKIN, United States Magistrate:

## I.

In this civil action (which has been referred to me for trial under the provisions of 28 U.S.C. § 636(c) (1984)), the plaintiff, a Delaware corporation with its principal place of business in Texas, originally sued a Maryland bank, alleging that wire transfers involving large sums had been made from the plaintiff's bank account without proper authority. This Court's subject matter jurisdiction was invoked on the basis of diversity of citizenship, 28 U.S.C. § 1332 (1976, as amended). Other parties have subsequently been brought into the litigation.

During the course of pretrial discovery, the Rule 30 deposition of a Mr. Stanley Naples, a non-party, non-resident witness, was duly noticed by defendant Forest Hill State Bank. The deposition was commenced, but it has never been concluded, for various reasons, including Mr. Naples' alleged ill health. The other parties have not yet begun to question Mr. Naples. The oral deposition of Mr. Naples was scheduled to resume in Houston, Texas on February 19, 1985.

There has been a development in the interval between the commencement of Mr. Naples' deposition and its scheduled resumption that has complicated the situation. That development is that Mr. Naples has been named as a defendant in an amended complaint that asserts, *inter alia,* civil RICO [1] claims against Mr. Naples. In a letter dated February 14, 1985 (reiterated in a telephone conference call of February 15, 1985), Mr. Naples' Baltimore counsel stated the position that it would be pointless to resume his client's oral deposition in Houston as scheduled, from the standpoint of travel and time expenditures,[2] because counsel has "instructed him [Mr. Naples] ... to answer no questions and to deliver no documents, ..." Counsel has given Mr. Naples this instruction on the basis of counsel's belief that, in light of the RICO aspect now injected into this litigation, "anything and everything which Mr. Naples may say from now on may tend. to incriminate him...."

## II.

■ It is clear that the Federal discovery rules protect common law privileges, including the privilege against self-incrimination. FED.R.CIV.P. 26(c); 8 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 2018 (1970). The privilege against self-incrimination may be invoked by a "mere witness" in the course of discovery in a civil case. *McCarthy v. Arndstein,* 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924). It is, however, entirely inappropriate for the privilege to be asserted as a general matter in bar of all discovery or in bar of discovery by a particular method, as, for example, by a motion seeking to vacate a deposition notice. 8 Wright & Miller, *supra,* at 142. Rather, the proper procedure is for the deponent to appear for deposition and to assert the privilege in response to specific questions. *National Life Insurance Company v. Hartford Accident and Indemnity Company,* 615 F.2d 595, 600 (3d Cir.1980). That way, the court has a record upon which to decide whether the privilege has

---

**1.** Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (1984).

**2.** All trial counsel in the case are from Baltimore or New York.

been properly asserted as to each specific question. *Id.,* 615 F.2d at 598. Indeed, this Court favors the mode of proceeding adopted in *de Antonio v. Solomon,* 41 F.R.D. 447, 449–450 (D.Mass.1966) [*de Antonio I*], *i.e.,* that the witness should specify, in writing and with respect to each separate question to which he objects, the grounds for objection and, wherever possible without self-incrimination, to what degree a responsive answer might have a tendency to incriminate the witness.

### III.

Although the remedy sought in plaintiff's RICO count against Mr. Naples is in the nature of civil relief only, *see* 18 U.S.C. § 1964(c), a civil RICO suit by its very nature involves allegations that criminal conduct, *i.e.,* "a pattern of racketeering activity," *see* 18 U.S.C. §§ 1961(5) and 1962, has been committed by someone associated with a racketeering enterprise. *See* Moran, *Pleading a Civil RICO Action Under Section 1962(c): Conflicting Precedent and the Practitioner's Dilemma,* 57 TEMP.L.Q. 731, 745–46 (1984). Even though the prospect of public prosecution for the underlying criminal acts that make up a pattern of racketeering activity may be remote in a particular case, it nonetheless exists, so long as the prosecution is not barred by some consideration not here relevant, such as limitations or a grant of immunity. *See United States v. Cappetto,* 502 F.2d 1351, 1359 (7th Cir.1974). Because even the remotest possibility of prosecution entitles a witness to assert the privilege, it may be asserted here. *de Antonio v. Solomon,* 42 F.R.D. 320, 323 (D.Mass. 1967). [*de Antonio II.*]

The question remaining is whether the oral deposition of Mr. Naples, under all the above-recited circumstances, ought to proceed in Houston on February 19, 1985. In light of the fact that all counsel are in or near Baltimore, it would be pointless to incur travel expenses and fees in connection with an oral deposition in Houston

where few, if any, substantive questions will be answered. Therefore, the appropriate way to proceed would appear to be by deposition upon written questions, as provided for in FED.R.CIV.P. 31.[3] In this fashion, not only will time and money be saved, but the procedure contemplated in *de Antonio I,* 41 F.R.D. at 449–450—*viz.,* that the witness will specify in writing which questions are objectionable (and, wherever possible without self-incrimination, the respect in which each question is objectionable)—will be facilitated.

Consequently, IT IS this 15th day of February, 1985, by the Court, ORDERED:

1. That, in lieu of the continued deposition of Mr. Stanley Naples on oral testimony, scheduled to be resumed in Houston, Texas, on February 19, 1985, the deposition will henceforth proceed on written questions as per FED.R.CIV.P. 31(a), but without the necessity of the notice and subpoena therein required;

2. That all parties desiring to propound written deposition questions to Mr. Naples shall serve their questions upon Mr. Naples' Baltimore attorney not later than 5:00 p.m., Tuesday, February 19, 1985;

3. That Mr. Naples' answers are due not later than 5:00 p.m., Tuesday, March 4, 1985;

4. That Mr. Naples' assertions of privilege must be separately made with regard to each question and must, wherever possible without self-incrimination, set forth in writing the specific respect in which the question calls for an answer that is privileged; and

5. That all interrogating parties may respond to Mr. Naples' assertions of privilege by motion or memorandum filed not later than March 15, 1985.

---

3. The Court, in its discretion, will shorten Rule 31(a)'s response time to 13 days from the date of service of the questions on Mr. Naples' Baltimore counsel.