**Dominic L. JOHNSON**

v.

**UNITED PARCEL SERVICES, INC.**

**Civ. No. S 89–53.**

United States District Court,
D. Maryland.

Sept. 13, 1989.

James R. Barrett, Margolis, Pritzker & Epstein, P.A., Towson, Md., for plaintiff.

Alan H. Kent, Thomas Earl Patton, Martin Wald, Schnader, Harrison, Segal & Lewis, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This matter is before the Court on the defendant's motion for an order compelling discovery. The dispute arises from the plaintiff's refusal, on the basis of his fifth amendment privilege, to answer questions put to him at his deposition concerning drug use and/or sale off the premises of his employer and on his own time. The complaint pleads two counts. Count I claims that the plaintiff was wrongfully required to take polygraph tests, that such action was "willful and malicious, without just cause, illegal and performed with evil and malicious intent toward the plaintiff," and that as a result of this conduct the plaintiff was wrongfully terminated from his employment. Compensatory and punitive damages are sought. Count II claims that, at the same time and place as the lie detector tests were given, the plaintiff was falsely imprisoned, and compensatory and punitive damages are sought in consequence.

It is defendant's position that plaintiff must be made to answer the questions or to suffer dismissal of his suit. *Galante v. Steel City National Bank of Chicago*, 66 Ill.App.3d 476, 23 Ill.Dec. 421, 425–26, 384 N.E.2d 57, 61–62 (1978), *cert. denied*, 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 53 (1979). Although the approach taken in *Galante*—barring a plaintiff from using the fifth amendment as a shield to frustrate discovery—has much to recommend it, it appears not to be the approach favored in the federal courts.[*] For example, in *Wheling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir.1979), *reh'g denied*, 611 F.2d 1026 (1980), the district court was reversed for abusing its discretion in dismissing the plaintiff's libel complaint as a sanction for his invocation of the fifth amendment privilege with regard to matters, inquired into on his deposition, directly relevant to his libel claims.

Rather than dismiss plaintiff's case, this Court, as instructed by *Wheling*, has undertaken a balancing-of-interests analysis in resolving the issue. *Id.* at 1088. First, the Court must determine the degree of relevancy that the information sought has to the issues in suit. Here, the answers sought are not at all relevant to the question of whether damages may be recovered for violation of the Maryland anti-polygraph statute, arising from the bare fact that polygraph tests were administered. However, questions concerning the plaintiff's drug use are directly relevant to whether his employer had just cause for instituting the inquiry in the first place, which would negate the malice needed for an award of punitive damages. The information sought is also relevant to whether the termination of the plaintiff's employment was, in fact, the result of polygraph testing, or whether the termination was justified or justifiable because of the plain-

---

[*] The case of *Gatoil, Inc. v. Forest Hill State Bank*, 104 F.R.D. 580 (D.Md. 1985), is not on point, as it does not involve a party deponent, much less a plaintiff.

tiff's involvement in drug sales and use, whether the same occurred on or off duty, or on or off the employer's premises. Certainly, an employer like UPS, which must put faith and trust in its employees' integrity and sobriety, can terminate an employee for off-duty, off-premises drug use or trafficking. With regard to the second claim in suit—false imprisonment—it is difficult to see how the information sought is relevant, except to negate the malice required for punitive damages.

Balancing the parties' interests, the Court is of the opinion that neither of the counts of the complaint should be dismissed outright. Obviously, though, the Court cannot compel the plaintiff, by order, to answer self-incriminating questions. However, to avoid injustice, there must be a complete limitation placed on the plaintiff's right to recover damages for those elements of his claims as to which the discovery sought is relevant and, without which, the defendant might be unable to mount an effective defense. Thus, the appropriate remedy for the plaintiff's refusal to answer the questions at issue is to strike his claims for punitive damages as to both counts of the complaint, and to limit his claim under Count I to one alleging unlawful use and administration of polygraph tests, but not including wrongful termination.

A word should be said as to why the Court has rejected the approach actually suggested by the Fifth Circuit in *Wheling*, *i.e.*, postponing or continuing discovery until such time as the statute of limitations has run. First, unlike the situation in *Wheling*, the time when the criminal statute of limitations began to run in this case cannot be ascertained without interrogation of the plaintiff, which itself would call the fifth amendment privilege into play. Also, it would appear that drug use, possession, and/or sale violates both federal and state laws, some of felony grade. *See* Md.Ann. Code art. 27, § 286 (1987 & Supp.1988). Although there is a federal statute of limitations, 18 U.S.C. § 3282 (1982), there is no statute of limitations applicable to felonies in Maryland. *See Smallwood v. State*, 51 Md.App. 463, 467–68, 443 A.2d 1003, 1006 (1982). Again, without information from the plaintiff himself as to the details of any drug use and/or sale and possession, it is impossible to know when, if ever, any criminal statute of limitations began to run. A continuance might have to last for the plaintiff's lifetime, which is the Maryland period of limitations for felonies. *Id.* Thus, such an approach is obviously out of the question.

An order embodying these rulings will be entered separately.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, IT IS, this 13th day of September, 1989, by the Court, ORDERED:

1. That the defendant's motion for an order compelling discovery is hereby GRANTED, in essence, as follows: (a) Plaintiff's claims for punitive damages as to both counts of the complaint are dismissed for his refusal to answer the questions at issue; and (b) Plaintiff's claims for compensatory damages are limited as to alleged unlawful use and administration of polygraph tests, excluding any claim of wrongful termination of employment; and

2. That the Clerk of Court mail copies of the foregoing·Memorandum Opinion and of this Order to counsel for the parties.